No. 86-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

JOHN E. NITSCHKE and SUSAN M.
NITSCHKE, husband and wife,

        Plaintiffs and Appellants,

  -vs-

BLUE CROSS OF MONTANA,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Herndon, Harper & Munro; James G. Edmiston argued,
        Billings, Montana

    For Respondent:

        Church, Harris, Johnson & Williams; Don A LaBar argued,
        Great Falls, Montana

    For Amicus Curiae:

        Dwight G. Rabuse argued, Office of Personnel Manage-
        ment, Dept. of Justice, Washington, D.C.

---

              Submitted:  November 3, 1987
                Decided:  March 11, 1988

Filed:  **MAR 1 1 1988**

*Ethel M. Harrison*

---

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Jack Nitschke was a federal employee insured by Blue Cross under the Federal Employees Health Benefits Act (FEHBA). The Nitschkes sued Blue Cross based upon a denial of benefits. The District Court of the Thirteenth Judicial District, in and for the County of Yellowstone, granted defendant's motion to strike counts II and IV of plaintiffs' complaint. The motion to strike was denied for counts I and III for breach of contract and breach of the implied covenant of good faith and fair dealing. The defendant then moved to dismiss the remaining counts I and III for lack of jurisdiction on the basis that they stated a cause of action based on state law which is preempted by federal law. The District Court treated the motion to dismiss as a motion for summary judgment. The court denied the motion for lack of subject matter jurisdiction and granted the motion for summary judgment to defendant as to counts I and III on the grounds that those claims were preempted by federal law. The plaintiffs appeal the District Court's order granting the defendant summary judgment.

The issues raised on appeal are whether the District Court erred in:

I. determining that there were no issues of contested material fact and thus plaintiff's claim for breach of contract fails as a matter of law;

II. holding that plaintiffs' claim for breach of the implied covenant of good faith and fair dealing was preempted by federal law.

We affirm issue two and reverse issue one.

The plaintiff, John E. "Jack" Nitschke, is the Postmaster of the Miles City Post Office. As a federal

employee he may select a health benefits program from either Blue Cross or Aetna Insurance Company. For 1981 Nitschke selected Blue Cross, and purchased dependent coverage for his wife, Susan M. Nitschke. The insurance program, a government wide plan sponsored by the Blue Cross and Blue Shield Federal Employee Program, was administered on a local basis by the defendant Blue Cross of Montana.

In August 1981, Jack Nitschke became aware that his wife had an alcohol dependency problem. He was aware that his insurance benefit plan provided benefits for alcoholism treatment. The brochure stated:

### Alcoholism Treatment Benefit

The Plan pays in full for alcoholism treatment in a freestanding alcoholism facility approved by the local plan.

Basic Hospital Benefits are also paid in full in a member hospital and at 80 percent in a nonmember hospital.

Benefits are available for up to 28 days per alcoholism treatment session with a maximum of two 28-day sessions in a person's lifetime (including sessions covered by Supplemental Benefits). Additional days and the remaining 20 percent are not covered by Supplemental Benefits.

At the recommendation of a friend, he took his wife to the Rimrock Foundation in Billings, Montana. The Rimrock Foundation was located in Merrilac Hall, a wing of St. Vincent's Hospital. The foundation was operating under an affiliation agreement with St. Vincent's Hospital which provided for St. Vincent's to admit and provide medical care for patients at the Rimrock Foundation. Susan Nitschke completed the 28 day alcoholism treatment session.

Midway through the program Jack Nitschke was informed by Rimrock personnel that Blue Cross was inconsistent about providing benefits to cover Rimrock programs. Rimrock

contacted Blue Cross and was told "Blue Cross employees are not to discuss benefits as they relate to the Rimrock Foundation." Jack Nitschke did not try to transfer his wife to another facility because he believed Blue Cross would provide benefits and because of the demands of his job.

Nitschke paid $3,600 for his wife's treatment and submitted the claim to Blue Cross for reimbursement. Blue Cross denied the claim because Rimrock Foundation was neither a hospital nor a facility "approved by the local plan." When asked to produce a copy of the "local plan" relied upon, Blue Cross first stated that it was the 1981 Service Benefit Plan, then they said "local plan" refers to the entity Blue Cross of Montana, thus Blue Cross sets the approval criteria. Blue Cross stated the approval criteria included licensing of the facility by the Department of Health and Environmental Sciences. Rimrock was not so licensed. Blue Cross had in the past approved alcoholism treatment benefits for employees of the State of Montana who were treated at the Rimrock Foundation.

## ISSUE I

The standard for reviewing a grant or denial of summary judgment was set forth in Reagan v. Union Oil Company of California (Mont. 1984), 675 P.2d 953, 956, 41 St.Rep. 131, 134. "The standard that an appellate court applies in reviewing a grant or denial of a motion for summary judgment is the same as that utilized by the trial court initially under Rule 56, M.R.Civ.P. -- a summary judgment is proper when it appears 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" This Court must review the evidence in a light most favorable to the party opposing summary judgment. Downs v. Smyk (Mont. 1982), 651 P.2d 1238, 39 St.Rep. 1786.

4

Blue Cross claims there are no genuine issues of material fact, that the Rimrock Foundation is not a hospital and that the benefits approved at Rimrock for a state employee were under a different contract and have no bearing on what benefits are payable under the Nitschkes' contract. Blue Cross further claims the "local plan" is not the Nitschkes' plan, the 1981 Service Benefit Plan. According to Blue Cross the "local plan" is the entity Blue Cross itself. So, "approved by the local plan" means approved by Blue Cross of Montana. By drawing reasonable inferences in favor of Nitschkes, there appears a genuine material issue of fact concerning whether Rimrock was "approved by the local plan", Blue Cross itself. There is a question of fact concerning whether the benefits sought are consistent with the provisions of the contract and thus would not be preempted by federal law. 5 U.S.C. 8902(m)(1). The granting of summary judgment on the basis presented to us was in error and we reverse on this issue.

## ISSUE II

The Ninth Circuit Court of Appeals case, Hayes v. Prudential Insurance Co. of America (9th Cir. 1987), 819 F.2d 921, is dispositive of this issue. In Hayes, the appellants' state law claims were: 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing, and 3) violations of the California Insurance Code. The Ninth Circuit specifically held "Tort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract . . . Moreover, the claims 'relate to' the plan under section 8902(m)(1) as long as they have a connection with or refer to the plan. . . . All appellants' state law claims refer to the plan, and therefore fall under the premption clause." Hayes, 819 F.2d at 926. These claims are governed by federal law and not state law.

5

Federal law does not provide a cause of action for breach of the covenant of good faith and fair dealing in tort. We affirm issue II.

We remand for further proceedings in accordance with this opinion.

_R.C. McDonough_
Justice

We Concur:

_J.A. Turnage_
Chief Justice

_John Conway Harrison_

_____

_R.C. Gulbrandson_

_John C. Sheehy_

_William E. Hunt_
Justices