**ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, d/b/a Blue Cross and Blue Shield of Colorado, Plaintiff,**

v.

**Judith PHILLIPS, Defendant.**

**Civ. A. No. 93–K–1272.**

United States District Court,
D. Colorado.

Nov. 2, 1993.

Richard B. Caschette, Dean A. McConnell, Cooper & Kelley, P.C., Denver, CO, Terry Bancroft Dowd, Miller & Chevalier, Chtd., Washington, DC, for plaintiff.

M. Susan Kudla, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is a declaratory judgment action filed by Rocky Mountain Hospital and Medical Service d/b/a Blue Cross Blue Shield of Colorado (hereinafter, "BCBS"). BCBS is an insurance carrier participating in the Federal Employees Health Benefits Program. It offers a plan of health insurance to federal employees (the "Plan"). The defendant, Judith Phillips, is enrolled in the Plan. BCBS essentially seeks (1) a declaratory judgment that federal law preempts any state law claim Phillips may have for the denial of health benefits under the Plan, and (2) a declaratory judgment upholding its decision to deny Phillips Plan benefits for an autologous bone marrow transplant with high dose chemotherapy to treat her breast cancer. Phillips moves for dismissal, arguing that there is no federal question jurisdiction upon which to premise this declaratory judgment action. I agree and grant the motion.

## I. *Facts.*

Judith Phillips is the wife of Roger Phillips, a federal employee. She was diagnosed with breast cancer and, on April 20, 1993, went to the University of Colorado Health Sciences Center to discuss the possibility of a bone marrow transplant. On April 22, 1993, a transplant coordinator contacted BCBS for precertification of the treatment. A representative of BCBS verbally denied the request. The transplant coordinator then requested a written denial letter. The BCBS representative asked why written confirmation was necessary; the transplant coordinator responded that Phillips would sue BCBS for coverage and would need the letter to forward to her attorney. On June 14, 1993, BCBS faxed a copy of the denial letter to the transplant coordinator, and she provided it to Phillips' attorney.

The same day, BCBS commenced the instant declaratory judgment action in federal court. In addition, it forwarded Phillips' claim to the Blue Cross and Blue Shield Federal Employee Program (FEB) for review and reconsideration. The FEP affirmed the denial and forwarded Phillips claim to the Office of Personnel Management (OPM) for review on June 21, 1993. BCBS has now agreed to pay benefits for Ms. Phillips' bone marrow transplant subject to its right to contest her claim. Phillips moved to dismiss this action for lack of federal question jurisdiction on June 30, 1993.

## II. *Motion to Dismiss.*

The central question before me in this motion is whether I have federal question jurisdiction over BCBS' declaratory judgment action. The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any

such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. The Act is procedural, not jurisdictional, and simply grants the federal courts authority to use a new remedy in cases in which it otherwise has jurisdiction. The jurisdiction of the courts is not expanded by the Act. 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2751 at 569 (1983); *id.* § 2754 at 575. Furthermore, "on the substantive issues that may arise in an action for a declaratory judgment, the rule of Erie Railroad Company v. Tompkins controls, when it is applicable. Issues that would be governed by state law in a coercive action are equally governed by state law if only declaratory relief is sought." *Id.* § 2756 at 576 (footnote omitted).

Here, BCBS premises jurisdiction on the federal question statute, 28 U.S.C. § 1331. Specifically, BCBS contends that its first claim

> arises under federal law because BCBS of Colorado seeks a declaratory judgment of its rights to process this request for prior approval under the terms of the relevant sections of the FEHBA [Federal Employees Health Benefit Act] at 5 U.S.C. §§ 8901 *et seq.* and OPM regulations codified at 5 C.F.R. part 890, and the Administrative Procedure Act, 5 U.S.C. § 706. In addition, federal question [jurisdiction] obtains for this First Claim for Relief because BCBS of Colorado seeks a declaration from this court that the state law of Colorado as stated in *Tepe v. Blue Cross and Blue Shield of Colorado* is preempted by the FEHB statute and regulations by virtue of the Supremacy Clause of the Constitution of the United States.

(Compl. ¶ 28.) BCBS likewise alleges that jurisdiction for its second claim exists under the federal question statute because:

> a. The FEHBA and the federal regulations promulgated thereunder, 5 C.F.R.

Part 890 and 48 C.F.R. Chapter 16 create an enforceable right to recover benefits under FEHB contracts.

> b. The Plan under which the Defendant seeks coverage is a procurement contract of the United States and terms and conditions of its contract are governed solely by federal law.

(*Id.* ¶ 29.)

Phillips responds that binding Tenth Circuit authority precludes BCBS from arguing that the issues raised in this declaratory judgment action are ones of federal law. In *Howard v. Group Hospital Service*, 739 F.2d 1508 (10th Cir.1984), the court considered this precise question. Howard brought suit in state court against Blue Cross and Blue Shield of Oklahoma seeking damages in tort and contract arising from Blue Cross' denial of his claim for benefits under a health insurance plan approved under the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901–13. Blue Cross removed the case to federal court, and Howard's motion to remand the case was denied. The case went to trial, and the jury awarded Howard only limited damages. On appeal to the Tenth Circuit, the court reversed and remanded, finding that the district court lacked jurisdiction over the action. *See id.* at 1508. Phillips contends that BCBS filed this case solely to circumvent adverse state law handed down since *Howard* in which the Plan was interpreted to require autologous bone marrow transplants for claimants, like Phillips, with advanced breast cancer. *See Tepe v. Rocky Mountain Hospital and Medical Service*, No. 93 CV 693 (Denver Dist.Ct. Mar. 1, 1993).[1]

In defending the district court's jurisdiction in *Howard*, Blue Cross and Blue Shield of Oklahoma raised many of the same points as BCBS does here. After thorough consideration of Supreme Court precedent, congressional intent in enacting the FEHBA,

---

1. In *Tepe*, BCBS was sued by Barbara H. Tepe when it denied her coverage under the Plan for a bone marrow transplant, even though a mastectomy and aggressive chemotherapy had failed. (*See* Brief Supp.Def.'s Mot. Dismiss, Ex. 1) (*Tepe* opinion). BCBS removed *Tepe* to this court. On February 9, 1993, Judge Nottingham granted

Tepe's motion to remand the case to state court, noting that *Howard* was controlling and "declining the proffered invitation to overrule *Howard*." (*Id.*, Ex. 3.) Upon remand, the state court determined that BCBS's policy was ambiguous and held that Tepe was entitled to coverage for the transplant. (*Id.*, Ex. 1).

and the regulatory scheme promulgated under the it, the Tenth Circuit concluded, however, that jurisdiction did not lie. It reasoned that the government's role under the FEHBA to negotiate health benefits plans "would not be significantly hindered by different state law interpretations of the medical necessity provision in the Blue Cross plan nor would disputes regarding those provisions involve anyone but private litigants," *id.* at 1510, noting that such a suit is "not against the United States and does not seek funds from the United States Treasury." *Id.*

Furthermore, the court rejected Blue Cross' contention that the administrative claims review procedure established under the FEHBA (substantially the same as that in existence today) mandated that Howard's claim be adjudicated under federal law. First, the court observed that the procedure is not an adversarial one, *id.* at 1511, a point that Phillips also raises here. In addition, it noted that FEHBA regulations provide (as they do today) that " '[a]n action to recover on a claim for health benefits should be brought against the carrier for the health benefits plan.' " *Id.* (citing 5 C.F.R. § 890.-107). Under the court's view, this indicated that "claims for recovery under the plans should not involve the federal government, but should be individual actions against the health benefit carrier." *Id.* Ultimately, the court concluded:

> The Oklahoma Blue Cross contract at issue here is a federal contract authorized by federal law and negotiated by OPM, but the rights created under the contract belong to the participants. Essentially, denial of an individual claim because the carrier claimed that the treatment was not a "medical necessity" is a private controversy in which the federal government simply does not have an interest sufficient to justify invoking federal question jurisdiction.

*Id.* at 1512.

BCBS argues I am not bound by the Tenth Circuit's decision in *Howard* because, in *Boyle v. United Technologies Corp.,* 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988), decided after *Howard,* the Supreme Court held that the interpretation of all federal procurement contracts is an issue of federal law. BCBS overstates the holding in *Boyle.* In that case, the federal procurement contract was for the manufacture of military equipment. The Court found that the dispute in *Boyle,* whether the military contractor could be held liable for design defects, directly affected the Government's interests, in that the contractor might decline to manufacture the design or might raise its price. *Id.* at 507. Second, the Court noted that displacement of state law will only occur where, as in *Boyle,* there is a significant conflict between federal policy and state law which frustrates the objectives of federal legislation. *Id.*

In so holding, the court reaffirmed the converse notion, established in *Miree v. De-Kalb County,* 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977), that state law is applicable to the interpretation of federal contracts where the Government's interest is " ' "too speculative ... to justify the application of federal law to transactions essentially of local concern." ' " *Boyle,* 487 U.S. at 506, 108 S.Ct. at 2515 (citing *Miree,* 433 U.S. at 32–33, 97 S.Ct. at 2495–96). The Tenth Circuit's holding in *Howard* properly reflects these principles. *See Howard,* 739 F.2d at 1510–11. Consequently, I conclude that *Howard* has not been abrogated by the Supreme Court's decision in *Boyle.*

■ In addition, BCBS asserts that *Howard* is not binding because there were jurisdictional issues "lurking in the record" in that case which the court did not consider, *see Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *R.R. Donnelley & Sons Co. v. FTC,* 931 F.2d 430, 433 (7th Cir.1991), possibly because counsel in *Howard* was not astute enough to bring them to the court's attention. In *Howard,* the central issue before the court was whether the interpretation of a FEHBA contract is a question of federal law; this jurisdictional issue was not "lurking in the record." Furthermore, I reject BCBS's suggestion that *stare decisis* does not apply when the lawyers appearing in a prior case

were arguably less thorough or skilled than those before the court today. *See Gately v. Massachusetts,* 2 F.3d 1221, 1227 (1st Cir. 1993); *EEOC v. Trabucco,* 791 F.2d 1, 4–5 (1st Cir.1986).

I believe *Howard* is still good law. The underlying assumptions upon which it was based have not changed significantly, and the Tenth Circuit continues to rely on it. As recently as July 9, 1993, in a case involving the enforceability of a liability waiver obtained by snowmobiling outfit operating under a federal use permit, the court cited *Howard* to support its conclusion

> that federal law does not automatically control claims by third-party beneficiaries of federal contracts. Rather, we have held ... that when the federal government has an articulable interest in the outcome of a dispute, federal law governs. Thus, if diverse resolutions of a controversy would frustrate the operations of a federal program, conflict with a specific national policy, or have some direct effect on the United States or its treasury, then federal law applies.

*Anderson v. Eby,* 998 F.2d 858, 864 (10th Cir.1993) (citations omitted). Therefore, following the authority by which I am bound, Phillips' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

### JUDGMENT

PURSUANT TO and in accordance with the Memorandum Opinion and Order filed November 2, 1993, by the Honorable John L. Kane, Jr., U.S. Senior District Judge, it is

ORDERED that Defendant Phillips' motion to dismiss for lack of subject matter jurisdiction is granted, and the cause of action and complaint are DISMISSED. It is

FURTHER ORDERED the defendant shall have her costs upon the filing of a bill of costs within ten (10) days of the entry of this judgment.