A94A0259. NATIONAL TREASURY EMPLOYEES UNION
v. MACON-BIBB COUNTY HOSPITAL AUTHORITY.
(445 SE2d 777)

SMITH, Judge.

Appellee Macon-Bibb County Hospital Authority brought an action against the National Treasury Employees Union (NTEU), seeking payment of medical costs pursuant to a health insurance plan provided to a federal employee under the Federal Employees Health Benefits Act (FEHBA), 5 USC § 8901 et seq. The trial court denied NTEU's motion for summary judgment on the basis of federal preemption of the hospital's state law claims. We granted NTEU's application for discretionary appeal to consider an issue of first impression in Georgia: the scope of preemption of state law by 5 USC § 8902 (m) (1). After reviewing the relevant statutes as well as federal and state decisions, we conclude that the state law claims made by the hospital in this action are preempted by FEHBA.

1. The relevant statutory language provides: "The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions." 5 USC § 8902 (m) (1). The federal Court of Appeals for the Eleventh Circuit has held, and the parties here agree, that cases addressing preemption under the Employee Retirement Income Security Act (ERISA), 29 USC § 1144 (a), are highly instructive in interpreting the similar preemption provisions of FEHBA. *Blue Cross &c. v. Dept. of Banking &c.*, 791 F2d 1501, 1504 (11th Cir. 1986).[1]

The recent decision of the United States Supreme Court in *Ingersoll-Rand Co. v. McClendon*, 498 U. S. 133 (111 SC 478, 112 LE2d 474) (1990), significantly clarifies and expands the scope of preemption under ERISA, and hence for our purposes the scope of FEHBA. *McClendon* establishes a broad test for the "relates to" language included in both ERISA and FEHBA: where a cause of action makes specific reference to and is premised on the existence of a plan, and the court's inquiry must be directed to the plan, a judicially created

---

[1] Though we are not bound by this decision, *Porter v. Food Giant*, 198 Ga. App. 736, 738, n. 1 (402 SE2d 766), cert. denied, ___ U. S. ___ (112 SC 582, 116 LE2d 607) (1991), we are persuaded by its reasoning.

cause of action "relates to" ERISA. 498 U. S. at 140. In support of this analysis, *McClendon* also discusses the congressional purpose of establishing national uniformity in administering benefits, and it notes the administrative burdens and disruption that would result from state courts' development of different substantive standards applicable to the same conduct. 498 U. S. at 142.

The Eleventh Circuit, relying on *McClendon*, recently held that ERISA preempted a fraudulent misrepresentation claim under Georgia law. In *Sanson v. Gen. Motors Corp.*, 966 F2d 618, 621 (11th Cir. 1992), cert. denied, ___ U. S. ___ (113 SC 1578, 123 LE2d 146) (1993), the covered employee contended that his employer fraudulently misrepresented the benefits that would be available to him under a special retirement program. The Eleventh Circuit relied on the *McClendon* test and found that the existence of the plan was "a critical factor" in the cause of action, and that the state law claim was therefore preempted by ERISA. 966 F2d at 620-621.

The hospital's claim here arose out of a dispute regarding coverage under NTEU's health insurance plan for an infant born at the hospital. The mother of the infant was transferred from another hospital with a high-risk pregnancy and was admitted for observation eight days before the birth. The infant was born prematurely with medical problems requiring extraordinary care.

The hospital asserts that NTEU fraudulently misrepresented the scope of coverage provided for the infant. The hospital contends, and NTEU denies, that an NTEU employee assured a hospital employee in a telephone conversation after the mother's admission that the infant would be covered. It is undisputed that NTEU actually provided the infant's mother with "self-only" coverage, which covered routine newborn care but not care for sick or premature infants. Before the mother's admission, the hospital had distributed a memo to its personnel, including the person who made the telephone call, noting that "self-only" coverage would not cover a newborn, and should be converted to family or dependent coverage. Under FEHBA, there is an option to convert "self-only" coverage within 60 days to include newborns retroactive to the date of birth. 5 CFR § 890.301 (e) (1). This option was not exercised by the hospital or the insured.

It is apparent from these underlying facts that the dispute between the hospital and NTEU "relate[s] to the nature or extent of coverage or benefits." In essence, the hospital is seeking to modify under Georgia law the provisions of the plan on the basis of oral representations made to its employee. This is in direct conflict with the language of 5 USC § 8902 (m) (1) providing that "[t]he provisions of any contract under this chapter . . . shall supersede and preempt any State or local law. . . ."

As in *McClendon*, supra, the existence of the plan forms the basis

for the state law claim asserted, and no cause of action would exist in the absence of the plan. The facts underlying the hospital's claim and the defenses asserted by NTEU revolve entirely around the administration of the benefit plan, claims procedures, and coverage for an insured under the plan. Moreover, the hospital is seeking in damages exactly $24,437.58, the cost of the services the hospital contends should have been covered under the plan. "In this case, the misrepresentation relates to [the insurance] benefits available under [NTEU's] plan. The measure of damages would be the amount of benefits [the hospital] would have received under the . . . plan. Such a determination of damages demonstrates the relationship between the lawsuit and the . . . plan." 966 F2d at 621.

The hospital contends that, as a health care provider rather than an insured employee, it is not a party to the insurance plan and thus is outside the scope of FEHBA. It contends that as a "third party tort claimant" its contact with FEHBA is "tenuous" or "peripheral." However, the hospital is not merely a third-party tort claimant and stranger to the plan. It secured from the insured not only an assignment of benefits but a power of attorney authorizing it to act as the insured's agent in making claims. The hospital relies on this assignment for its authority to seek payment under the plan. See *Santiago v. Safeway Ins. Co.*, 196 Ga. App. 480 (1) (396 SE2d 506) (1990). It is a well-established principle of Georgia law that an assignee of a contract "stands in the shoes" of the assignor, has no more rights under the contract than the assignor, and is subject to all defenses which could have been raised against the assignor. *Pridgen v. Auto-Owners Ins. Co.*, 204 Ga. App. 322, 323 (419 SE2d 99) (1992). Moreover, 5 USC § 8902 (m) (1) itself makes no distinction as to the identity of the parties, so long as the "provisions of any contract under this chapter" are involved.

In asserting that a health care provider's claim should not be preempted, the hospital relies primarily upon a decision from another federal circuit, *Mem. Hosp. System v. Northbrook Life Ins. Co.*, 904 F2d 236 (5th Cir. 1990). However, *Mem. Hosp.* was decided before and without benefit of the United States Supreme Court's ruling in *McClendon*, supra, which clarifies the broad and inclusive scope of congressional preemption and its stated goal of uniformity in federal employees' health benefits plans.[2] Exempting health care providers from the scope of FEHBA would undermine this goal by allowing the application of FEHBA, and therefore preemption, to turn entirely upon a health care provider's decision to obtain an assignment of ben-

---

[2] In light of the decisions in *McClendon* and *Sanson*, the holding in *Mem. Hosp.* has been criticized. See *Nat. Alcoholism Programs v. Palm Springs Hosp. Employee Benefit Plan*, 825 FSupp. 299 (S.D. Fla. 1993).

efits. The trial court erred in holding that the hospital's action was not preempted by the provisions of FEHBA.

2. Because we have determined that the hospital's action is preempted by 5 USC § 8902 (m) (1), we do not reach NTEU's contention that the hospital failed to exhaust its administrative remedies.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 14, 1994 —
RECONSIDERATION DENIED JUNE 30, 1994 — 

*Marcia E. Fishman, Mark J. Sanger,* for appellant.
*Sell & Melton, John A. Draughon,* for appellee.