Robert **LAMBERT**, Plaintiff,

v.

**MAIL HANDLERS BENEFIT PLAN, et al. Defendants.**

No. CV–94–A–1263–N.

United States District Court,
M.D. Alabama,
Northern Division.

May 11, 1995.

831

John I. Cottle, Tallassee, AL, for plaintiff.

Duncan Blair, Birmingham, AL and Denis
F. Gordon, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### INTRODUCTION

This cause is before the court on Plaintiff's Motion to Remand, filed on December 16, 1994. Plaintiff originally brought suit in the Circuit Court of Elmore County, Alabama, on August 31, 1994. Defendants removed the case to this court on September 30, 1994.

Plaintiff seeks compensatory and punitive damages from the defendants for what plaintiff characterizes as state causes of action arising out of the defendants' retroactive cancellation of plaintiff's medical benefits in November, 1993. He claims insurance benefits and damages for fraudulent suppression and apparently for bad faith refusal to pay claims.

Defendants removed pursuant to 28 U.S.C. § 1441, and 28 U.S.C. § 1331. They contend that this case presents a federal question and that this court therefore has jurisdiction over the matter. Specifically, the defendants argue that the plaintiff's state causes of action are governed exclusively by federal law. This also presents the issue as to whether the claims are preempted by 5 U.S.C. § 8901, et seq., known as the Federal Employees Health Benefit Act ("FEHBA" or "the Act"). Finally, defendants contend that the complaint states a federal question on its face.[1] For the reasons set forth below, the court finds that Plaintiff's Motion to Remand is due to be GRANTED.

### FACTS

Plaintiff Robert Lambert ("Lambert") is a former civilian employee with the Alabama Army National Guard. As part of his employment, he was given an option to enroll in a health insurance program pursuant to FEHBA. The FEHBA was established by Congress to facilitate and subsidize the provision of health benefits to government employees. Under the FEHBA, plans, such as the defendant in this case, contract with the federal government, specifically with the Office of Personnel Management ("OPM"), to provide insurance to government employees. These employees generally have a variety of insurance providers to choose from under the FEHBA. Here, plaintiff chose to enroll in the Mail Handlers Benefit Plan ("MHBP" or "the plan") and began paying premiums through payroll deductions.

Plaintiff was injured on the job in August, 1986. Because of this injury, he was not able to return to his employment, and he began drawing disability benefits. Pursuant to his health plan, plaintiff was eligible to retain his health insurance plan, and premiums were deducted from his disability payments. He paid the premiums in this manner through November, 1993.

According to plaintiff's complaint, between August 1, 1992, and November 29, 1993, plaintiff's family incurred over $20,000 in medical expenses that he believed were covered under his health insurance plan, the MHBP. However, on November 29, 1993, the Office of Personnel Management, the office that oversees the plan pursuant to the terms of the FEHBA, notified the plan that plaintiff was no longer eligible to draw disability benefits, and had not been eligible since August 1, 1992. MHBP then retroactively canceled plaintiff's coverage effective August 1, 1992. The plan then contacted plaintiff's health care providers and demanded reimbursement for payments made for services provided between August 1, 1992 and November 29, 1993.

### STANDARD FOR REMAND

Federal courts are courts of limited jurisdiction. See, Kokkonen v. Guardian Life Ins. Co. of Am, — U.S. —, —, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, they have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution.

---

1. There is no allegation of jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, nor has either party set forth the citizenship of the respective parties. Accordingly, the court will not examine this possible basis for jurisdiction.

*Kokkonen,* ——— U.S. at ———, 114 S.Ct. at 1675. The appropriate analysis in a case such as this is whether or not the case could have originally been brought in federal court as removal is only proper in those instances. 28 U.S.C. § 1441(a).

More generally, the court notes that the law in the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. As stated by the Court of Appeals, in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

## ANALYSIS

The primary purpose of the FEHBA is to "provide federal employees and retirees with subsidized health care benefits." *Hayes v. Prudential Ins. Co. of America,* 819 F.2d 921, 922 (9th Cir.1987), *cert. denied,* 484 U.S. 1060, 108 S.Ct. 1014, 98 L.Ed.2d 980 (1988). Under the FEHBA, insurers contract through the federal government to provide insurance to government workers. The plan is overseen by the OPM, which is in charge of various determinations, such as the interpretation of coverage under the individual plans. The first question that arises in this instance is whether the terms of the FEHBA preempt the plaintiff's state causes of action, and therefore whether federal law controls this action.

The Act contains the following preemption section:

The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payment with respect to benefits) shall supersede and pre-empt any state or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

5 U.S.C. § 8902(m)(1)

The policy behind the preemption provision is to ensure uniformity in the administration of benefits pursuant to the FEHBA. *Burkey*

*v. Government Employees Hospital Association,* 983 F.2d 656, 660 (5th Cir.1993).

There is not much dispute that FEHBA's preemption provision means that courts must apply federal, rather than state law. The Eleventh Circuit has specifically ruled that where a state law conflicts with a FEHBA contract, that state law is preempted. *Blue Cross & Blue Shield of Fla., Inc. v. Dept. of Banking,* 791 F.2d 1501, 1506 (11th Cir.), *rehearing den.,* 797 F.2d 982 (1986). Additionally, although not ruling on a FEHBA issue, the Eleventh Circuit has also ruled that "the interpretation of government health insurance contracts is controlled by federal, not state law." *Tackitt v. Prudential Ins. Co. of America,* 758 F.2d 1572, 1575 (11th Cir.1985).

Most courts that have addressed the issues of FEHBA preemption have determined that the state law is preempted by the act. For example, courts in other circuits have held that where a plaintiff states a claim that would expand the benefits due plaintiff beyond those specified in the contract, the state law claims are preempted. *See, Hayes,* 819 F.2d at 926 ("because the state law claims invariably expand appellees' obligations under the Plan, the claims are inconsistent with the Plan and, hence, preempted under § 8902(m)(1)"); *Burkey,* 983 F.2d 656; *Lieberman v. National Postal Mail Handlers Union,* 819 F.Supp. 344, 349 (S.D.N.Y. 1993). Generally, as noted in *Burkey,* "the weight of authority and most persuasive analysis supports the position that state law claims are preempted [by § 8902(m)(1) of the FEHBA]." *Burkey,* 983 F.2d at 659 (citing an unpublished opinion); *but see, Howard v. Group Hospital Service,* 739 F.2d 1508 (10th Cir.1984) (federal law does not apply to FEHBA contract action). The court finds that at least in the Eleventh Circuit, § 8902(m)(1) and the relevant case law require a court hearing a cause of action that involves interpreting the terms of an insurance contract entered into pursuant to FEHBA to apply federal rather than state law.

However, simply because a cause of action will be governed by federal law does not mean that removal is proper. State courts have the power and the duty to hear

claims that call for the application of federal law. *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981). In order to determine whether this case is properly removed there are three separate issues to resolve. The first is whether or not the complaint on its face states a cause of action under federal law. Additionally, the court must examine the applicability of federal common law, and whether actions that implicate the FEHBA are of such concern to the federal government that federal common law should govern. Finally, the court must also examine the doctrine of complete preemption. Under this theory, if the court determines that Congress's intent in passing the FEHBA was to completely preempt all other laws in that field, then a cause of action that implicates the statute is necessarily a federal claim, without regard to the wording of the complaint.

## WELL PLEADED COMPLAINT

■ It is settled law that a federal cause of action arises under federal law only where a federal question appears on the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Brown v. Conn. General Life Ins. Co.*, 934 F.2d 1193, 1195–96 (11th Cir.1991).[2] Equally axiomatic is the notion that "the party who brings suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the . . . law[s] of the United States by his declaration and bill. That question cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by the defense, even when anticipated and replied to in the bill." *The Fair v. Kohler Die and Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), *see also, Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). If the plaintiff chooses to forego potential avenues of recovery in favor of others, a defendant cannot force him through an answer to pursue another course. Accordingly, in this instance, the court looks to the face of the complaint to determine whether or not plaintiff has stated a federal claim.

■ The plaintiff has alleged a cause of action that involves the interpretation of the scope of coverage that was to be provided by the MHBP insurance contract. According to paragraph 5 of the plaintiff's complaint, "Between August 1, 1992 and November 29, 1993, Plaintiff, his wife and daughter incurred approximately $20,000 in medical bills and expenses which should have been covered *under the terms of the Mail Handlers Benefit Plan*." (emphasis added). Further, in paragraph 9 of the complaint, plaintiff states that "The Mail Handlers Benefit Plan . . . represented to Plaintiff, *through the written terms of the Mail Handlers Benefit Plan*, that they would cover certain medical expenses incurred by Plaintiff and his family in exchange for payment of a stated monthly premium." (emphasis added). Finally, plaintiff alleges in paragraph 11 that "*Under the terms of the insurance contract* and under Alabama law, Defendants were obligated to pay the aforesaid claims made against the Plaintiff's policy. The conduct of the Defendants in this case is tantamount to the failure to pay said claims." (emphasis added). The instant case therefore clearly involves "the nature or extent of coverage or benefits" under a FEHBA insurance plan, and therefore the provisions of the contract "supersede and pre-empt any state or local law . . . which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provision."

This cause of action necessarily involves the interpretation of federal law. However, simply because federal law will be an issue in a case or will determine the outcome does not mean that the federal courts have exclusive jurisdiction. The question for the court is whether simply because the plaintiff's complaint states a cause of action that will be governed by federal law, the complaint states a federal question. The court finds that it does not.

---

2. There is an exception to this rule, discussed below, when Congress "so completely preempts a particular area of law that a civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. at 1546.

In examining the language of the complaint it is clear that this action is brought under Alabama law. The plaintiff does not make any reference FEHBA, or any other federal statutory right that he seeks to vindicate. Additionally, the plaintiff alleges no violations of his rights under the Federal Constitution. In fact, in the paragraph relied on extensively by the defendants in their argument in opposition to the Motion to Remand, plaintiff specifically refers to violations of Alabama law. Paragraph eleven states that "The retroactive cancellation of Plaintiff's health insurance . . . is contrary to Alabama law."

■ State courts, unlike federal courts, have plenary jurisdiction and are competent to hear all cases, including those involving federal law. See Gulf Offshore Co., 453 U.S. 473, 101 S.Ct. 2870 (1981). As the court in Gulf Offshore put it,

"The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication."

Id. at 477–78, 101 S.Ct. at 2875. There is, therefore, a presumption that state courts have concurrent jurisdiction over claims that involve federal law. As a sister state's highest court noted in a case specifically determining the scope of FEHBA preemption, "[W]e observe that a state court, as here, has concurrent jurisdiction with the federal courts to enforce rights granted by a federal act unless prohibited from doing so. . . . We find nothing in FEHBA that prohibits this court's interpretation of that federal law." Barr v. Arkansas Blue Cross and Blue Shield, 297 Ark. 262, 761 S.W.2d 174, 177, n. 2 (1988) (Citation omitted).

In this case, the plaintiff has specifically availed himself of the protection of state law. The defendants have asserted the defense that the causes of action are controlled by, and in some instances barred by federal law. However, preemption in this case is simply a defense and accordingly, it does not appear in the complaint. As such the plaintiff's causes of action do not arise under the laws of the United States. Brown, 934 F.2d at 1196. The plaintiff's complaint simply does not state a cause of action under federal law.

The Alabama state court is fully able to address the issues raised by the preemption defense asserted by Mail Handlers in a manner that furthers Congress's desire for uniformity. In fact, this court notes that state courts in various other jurisdictions have been doing so for several years with remarkably consistent results. See, e.g., Nat'l Treasury Employee's Union v. Macon–Bibb County Hosp. Auth., 213 Ga.App. 724, 445 S.E.2d 777, 780 (1994) ("[T]he hospital's action [for fraudulent misrepresentation] is preempted by 5 U.S.C. § 8902(m)(1) . . ."); Fink v. Delaware Valley HMO, 417 Pa.Super. 287, 612 A.2d 485, 492–493 (1992) ("Our conclusion that appellant's state tort claims are preempted by the FEHBA is supported by the majority of jurisdictions that have addressed this issue."); Barr v. Arkansas Blue Cross and Blue Shield, 297 Ark. 262, 761 S.W.2d 174, 177 (1988) ("In accordance with what we believe to be controlling law on this subject, we conclude that appellant's state actions are preempted under FEHBA . . ."); Nitschke v. Blue Cross of Montana, 231 Mont. 113, 751 P.2d 175 (1988) (holding federal law governed plaintiff's claims in an action brought on a contract entered into pursuant to FEHBA and that plaintiff's state tort claims were preempted); Hartenstine v. Superior Court, 196 Cal.App.3d 206, 241 Cal. Rptr. 756 (Cal.Crt. of App.1987) (holding state tort actions of plaintiff were preempted by FEHBA), cert. denied, 488 U.S. 899, 109 S.Ct. 245, 102 L.Ed.2d 234 (1988).

## COMPLETE PREEMPTION & FEDERAL COMMON LAW

■ As stated above, in certain instances courts have ruled that legislation passed by Congress clearly shows that the legislature intended to completely preempt an area of law, thereby rendering any civil complaint brought in that area a federal cause of action. Such is the case with ERISA, for example. 29 U.S.C. § 1001 et seq. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). There is some

question, however, as to whether or not the preemption provision in FEHBA totally preempts all state law causes of action that deal with contracts entered into pursuant to FEHBA or whether the preemption is of a more limited nature.

In determining the issue of complete preemption, the court looks to Congressional intent. The language that Congress chose in this legislation, as compared to the language and provisions included in legislation such as ERISA is of particular relevance. Having compared these two acts, it is clear that Congress did not intend for FEHBA to completely preempt this area of law.

The Supreme Court, in its decision that ERISA is intended to preempt all claims, rested its determination at least in part on the act's civil enforcement provisions. *See Metropolitan Life,* 481 U.S. at 65–66, 107 S.Ct. at 1547–48. Section 1132(a) of ERISA specifically creates a cause of action for a beneficiary or participant or in certain instances other parties. 29 U.S.C. § 1132(a). In contrast, FEHBA does not contain a similar provision.

Additionally, ERISA contains an explicit jurisdictional provision. This provision, 29 U.S.C. § 1132(e)(1) states that

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

Subsection (a)(1)(B) provides a cause of action to participants and beneficiaries to recover benefits under a plan. Section (a)(7) refers to actions brought by a State. In contrast, FEHBA's jurisdictional provision, 5 U.S.C. § 8912, simply provides that

> The district courts of the United States have original jurisdiction, concurrent with the United States Claims Court, of a civil action or claim *against the United States* founded on this chapter.

(emphasis added)

Clearly the two provisions are not as broad in scope. The jurisdictional provision in ERISA grants federal courts jurisdiction in all cases for benefits. Again, in contrast, the FEHBA provision simply grants jurisdiction where the United States is a party, which is not so in the instant case.

Finally, and in the court's opinion most important, the scope of the preemption clause in FEHBA is much less broad than the relevant provision in ERISA. As set forth above, the FEHBA provision specifically provides for preemption only where the state law and the terms of the contract are inconsistent. 5 U.S.C. § 8902(m)(1). ERISA's preemption clause states that the law "shall supersede *any and all state laws* insofar as they may now or hereafter relate to an employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). Therefore, based on the language found in the statute the court finds that it was not Congress's intent to completely preempt this area of law when it passed FEHBA.

■ The defendants argue, though, that all FEHBA contracts are governed by federal common law. As discussed above, the court agrees with this assertion. However, this does not mean, as the defendants argue, that federal common law automatically applies and that removal is proper. Defendants base their contention that there is federal question jurisdiction in this matter on *Boyle v. United Tech. Corp.,* 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). In *Boyle,* the father of an American serviceman killed in a training exercise sued a military contractor. The father alleged that the helicopter that crashed killing his son was defectively designed. Verdict at trial was for the plaintiff, but the Fourth Circuit Court of Appeals reversed, holding that the defendant was immunized from suit on the state claims by federal law. The Supreme Court, in affirming the Court of Appeals decision, held that "the interests of the United States will be directly affected" by allowing liability to be imposed on defense contractors. *Id.* at 507, 108 S.Ct. at 2516. The Court also noted that "the procurement of [military] equip-

ment by the United States is an area of uniquely federal interest ..." and that "a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law.'" *Id.*

Therefore, the rule in *Boyle* was limited by the Court to only a very few situations. The factors for the court to examine are: 1) whether there is a uniquely federal interest; and 2) whether there is a "significant conflict" between a specific federal policy and state law. Defendants simply have not sufficiently established these factors. Therefore, the holding in *Boyle* does not apply to the instant case.

Although it is true that the federal treasury pays a large percentage of the bills for the plan at issue, this alone does not suffice. *See, e.g., Rocky Mountain Hospital and Medical Service v. Phillips,* 835 F.Supp. 575, 578 (D.Colo.1993), *affirmed,* 28 F.3d 113 (10th Cir.1994), *cert. granted,* — U.S. —, 115 S.Ct. 714, 130 L.Ed.2d 621 (1995), *cert. dismissed,* — U.S. —, 115 S.Ct. 1424, 131 L.Ed.2d 307 (1995). This issue presents no uniquely federal interest comparable to the procurement of military equipment at issue in *Boyle.* Additionally, the impact of allowing a state court to hear this contract dispute between private parties will not frustrate federal policy. As noted above, there is no indication that state courts are not able to apply the federal law, or that allowing state courts to hear this issue will result in the frustration of Congressional intent. In fact there is substantial evidence to the contrary. Given the determination by this court that Congress could have completely preempted state law and state jurisdiction in this area and chose not to, it would be anomalous to then decide that federal common law brought about what the legislature determined was not necessary.[3]

In the final analysis, the court is compelled to follow the advice of Justice Brennan in his concurring opinion in *Metropolitan Life.* Ac-

cording to Justice Brennan, "In future cases involving other statutes, the prudent course for a federal court that does not find *a clear congressional intent to create removal jurisdiction* will be to remand the case to state court." *Metropolitan Life,* 481 U.S. at 68, 107 S.Ct. at 1548 (Brennan, J., concurring) (emphasis added). The court has found no such clear congressional intent under FEHBA, and accordingly finds that the Plaintiff's Motion to Remand this action is due to be GRANTED.

## CONCLUSION

Therefore, it is ORDERED that this cause be and it is hereby REMANDED to the Circuit Court of Elmore County, Alabama. The clerk is DIRECTED to take all steps necessary to effect this remand.

---

**3.** Additionally, as noted in *Goepel v. Nat'l Postal Mail Handlers Union,* 36 F.3d 306 (3rd Cir. 1994), *cert. denied,* — U.S. —, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995), *Boyle's* holding did not concern a jurisdictional question. *Id.* at 314. Rather, *Boyle* was originally brought in federal court on diversity jurisdiction. Therefore, the

court was examining a federal common law preemption defense asserted by the defendant rather than the presence of federal question jurisdiction. This is not analogous to the case before this court, where the defendant seeks to recharacterize plaintiff's claim as a federal question.