924 F.Supp. 67 (1996)
TRANSITIONAL HOSPITALS CORPORATION
v.
BLUE CROSS AND BLUE SHIELD OF TEXAS, INC. (In re Milton Browning).
No. A 96 CA 061 SS.
United States District Court, W.D. Texas, Austin Division.
April 22, 1996.
*68 Joseph B. Latting, Liddell, Sapp, Zivley, Hill & Laboon, Austin, TX, Paul M. Terrill, Liddell, Sapp, Zivley, Hill & LaBoon, L.L.P., Austin, TX, for Transitional Hospitals Corporation, plaintiff.
Michael S. Hull, Maroney, Crowley, & Bankston, Austin, TX, for Blue Cross and Blue Shield of Texas Incorporated, (In re: Milton Browning), defendant.

ORDER
SPARKS, District Judge.
Before the Court are Transitional Hospital Corporation's Motion to Remand, Blue Cross and Blue Shield of Texas, Inc.'s Response to the Motion to Remand, and Transitional Hospital Corporation's reply brief. Having undertaken a review of the thorough briefs filed by the parties, the relevant statutes and case law, and the original petition filed in state court, the Court is of the view the motion to remand should be granted.

Background
Transitional Hospitals Corporation (THC) originally filed this action in the 345th Judicial District Court of Travis County, Texas on December 29, 1995. THC filed the action against Blue Cross and Blue Shield of Texas, Inc. (BCBS) alleging causes of action for breach of contract, negligent misrepresentation, and violations of article 21.21 of the Texas Insurance Code. THC contends, that, relying on BCBS's representations regarding coverage of one of its insureds, Milton Browning, it admitted Browning for inpatient care and treatment.
BCBS removed the action to this Court on February 5, 1995 based on assertions of federal question jurisdiction. It contends the terms of the policy at issue are governed exclusively by federal common law pursuant to the Federal Employees Health Benefit Act (FEHBA), 5 U.S.C. §§ 8901-8913.

Federal Question Jurisdiction
THC moves to remand the case to state court on grounds no federal question is raised by the original petition. THC further argues that even if FEHBA preempts some state law causes of action related to a policy governed by the statute, Congress did not express an intent to completely preempt the area of law, thereby providing a preemption basis for removal of this action. BCBS contends the original petition states a federal question by reference to the "Policy" governed by FEHBA. BCBS further contends FEHBA did completely preempt all state law causes of action both through the preemption language of the statute and by providing that *69 federal common law would govern policies under FEHBA.
The Fifth Circuit concisely stated the principles governing this case in Carpenter v. Wichita Falls Indep. Sch. Dist.:
A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint. Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. Accordingly, to support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal. A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action.
...
However, in certain situations where the plaintiff necessarily has available no legitimate or viable state cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law. Although a defense, preemption may so forcibly and completely displace state law that the plaintiff's cause of action is either wholly federal or nothing at all.
44 F.3d 362, 366 (5th Cir.1995) (internal citations and quotations omitted).

Well-Pleaded Complaint
The first issue for the Court is whether a federal question appears on the face of the original petition. BCBS argues that the mere reference to the policy terms state a federal question because the Fifth Circuit has determined that state law claims which "relate to" a plan governed by FEHBA are preempted. See Burkey v. Government Employees' Hosp. Ass'n, 983 F.2d 656, 660 (5th Cir.1993). THC responds by noting the original complaint states only three state law causes of action and Defendant's claims of preemption are a defense which does not support federal jurisdiction.
THC's original petition does not, on its face, raise a federal question. Plaintiff has carefully crafted a complaint limited to purely state law causes of action. Although the defense of federal preemption is inevitable, as noted previously, the federal right by must be an essential element of Plaintiff's cause of action to invoke federal question jurisdiction. Carpenter, 44 F.3d at 366 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 111, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)). Therefore, in order to sustain this Court's removal jurisdiction, BCBS must show Plaintiff's claims to fall within the complete preemption exception to the well-pleaded complaint rule.

Complete Preemption
On the question of complete preemption, THC urges the Court to follow Goepel v. National Postal Mail Handlers Union, 36 F.3d 306 (3d Cir.1994), and Lambert v. Mail Handlers Benefit Plan, 886 F.Supp. 830 (N.D.Ala.1995). In each case, the Court determined that FEHBA was not intended by Congress to preempt all state law in the area because (1) the preemption language is not as broad as that used in ERISA[1] and (2) FEHBA does not provide a civil enforcement provision to replace the preempted state law causes of action. Goepel, 36 F.3d at 312-313; Lambert, 886 F.Supp. at 836.
BCBS maintains the issue of complete preemption by FEHBA is controlled by the Fifth Circuit's opinion in Burkey. Although not expressly addressing the question of complete preemption, the Court determined FEHBA broadly preempts state law causes of action and referred to the preemption language of ERISA as "similar" to FEHBA's. Burkey, 983 F.2d at 660. The Court found FEHBA preempted state law claims for recovery of penalties and attorneys' fees for unreasonable delay in paying health and accident insurance claims. Id. The Fifth Circuit has not addressed the scope of FEHBA's preemption as a basis for removal.
Burkey did not address the issue of complete preemption. The Court was concerned *70 only with whether FEHBA preempted the state law penalty provisions on which judgment had been entered. Id. Although the Court made reference to "similar language" in FEHBA and ERISA, the Court was addressing the breadth of the provision preempting claims which "relate to" coverage or benefits under a plan. Id. The Court did not concern itself with the question of complete preemption and undertook no analysis to suggest its holding should be so stretched.
A determination of whether FEHBA completely preempts state law begins with the preemption provision in the act. "When Congress has considered the issue of preemption and has included in the enacted legislation a provision explicitly addressing that issue, and when that provision provides a reliable indicium of congressional intent with respect to state authority," the Court need not look to the substantive provisions of the statute to find intent. Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516, 112 S.Ct. 2608, 2618, 120 L.Ed.2d 407 (1992).
The relevant provision of FEHBA provides:
The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provision.

5 U.S.C. § 8902(m)(1) (West Supp.1995) (emphasis added). The language of this provision does not express an intent that FEHBA completely preempt state law related to FEHBA plans. Congress has expressly and clearly stated its intent to preempt state law only to the extent it is inconsistent with the contractual provisions of a plan.
Even looking beyond the express preemption language of FEHBA, the Court finds no support for complete preemption. When the United States Supreme Court accorded ERISA the "extraordinary preemptive powers" previously found only in § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, it noted the statute's provision for civil remedies and the jurisdictional provision similar to the LMRA. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). FEHBA does not contain civil remedies similar to those provided in ERISA to allow a beneficiary to recover improperly withheld benefits. See Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 312 (3d Cir.1994). BCBS's argument that a beneficiary must exhaust administrative remedies prior to proceeding to court, whether accurate or not, is not the equivalent of statutory provision for civil remedies under the act.
Addressing the similarity of the jurisdictional provisions of ERISA and LMRA, the Supreme Court relied on the presumption that "similar language in two labor statutes has a similar meaning." Taylor, 481 U.S. at 64, 107 S.Ct. at 1547. FEHBA's jurisdictional provision lacks similarity to the one found in ERISA or LMRA.[2] Therefore, BCBS may not ride the coattails of these labor statutes to find congressional intent for complete preemption.[3]
Although FEHBA "broadly" preempts state law relating to federal employee health benefit plans, the Court finds that Congress has not gone so far as to completely preempt the field. FEHBA does not "convert[] an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. There is no preemption basis for this *71 Court to exercise subject matter jurisdiction over this case.[4]

Conclusion
Plaintiff's well-pleaded complaint does not state a federal question on its face. Having determined FEHBA does not provide for complete preemption and convert a state law complaint into federal law cause of action, the Court has no basis for federal question jurisdiction. Pursuant to 28 U.S.C. § 1447(c), the case must be remanded to the 345th Judicial District Court of Travis County, Texas. Attorneys' fees and costs will not be assessed.
Accordingly, the Court enters the following order:
IT IS ORDERED that Transitional Hospital Corporation's Motion to Remand [# 6] is GRANTED; and
IT IS FURTHER ORDERED that this case is REMANDED to the 345th Judicial District Court for Travis County, Texas and the clerk shall forward a copy of this order to the Travis County District Clerk's office.

ORDER ON MOTIONS
Before the Court are Blue Cross and Blue Shield of Texas, Inc.'s Motion to Withdraw Response to Plaintiff's Motion to Remand and to File a Substituted Response to Plaintiff's Motion to Remand, Motion to Exceed Page Limitation, Motion to Amend Notice of Removal, and Substituted Response to Plaintiff's Motion to Remand. These motions were filed April 24, 1996, two days after this Court entered an order granting Plaintiff's Motion to Remand. By this host of motions, Blue Cross and Blue Shield of Texas, Inc. (BCBS) attempts to set forth a new basis for federal jurisdiction not raised by any prior pleading.
BCBS's change of legal direction comes too late. The issues now presented were not raised in the notice of removal or the response to Plaintiff's motion to remand and were not presented to the Court until after the case had been remanded. Consequently, the order of remand, entered April 22, 1996, was based on the jurisdictional allegations asserted by BCBS and then before the Court. Attempts to amend the notice of removal post-remand are unavailing.
Accordingly, the Court enters the following order:
IT IS ORDERED that Blue Cross and Blue Shield of Texas, Inc.'s Motion to Withdraw Response to Plaintiff's Motion to Remand and to File a Substituted Response to Plaintiff's Motion to Remand [doc 11], Motion to Exceed Page Limitation [doc 12], and Motion to Amend Notice of Removal [doc 13] are each DISMISSED.
SIGNED on this 30th day of April 1996.
NOTES
[1] Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.
[2] 5 U.S.C. § 8912 states: "The district courts of the United States have original jurisdiction, concurrent with the United States Claims Court, of a civil action or claim against the United States founded on this chapter."
[3] As a practical matter, the reasons stated by Congress for the breadth of ERISA's preemption apply equally to health plans under FEHBA. Because the federal courts have been favored with jurisdiction over ERISA litigation, the addition of FEHBA litigation seems only logical. These issues, however, fall clearly within the realm of the legislative branch and Congress has not expressed its intent to completely preempt state law relating to FEHBA plans.
[4] BCBS also urges the Court to follow the holding in Caudill v. Blue Cross and Blue Shield of North Carolina, 999 F.2d 74 (4th Cir.1993). The Court declines the invitation to follow Caudill and find removal jurisdiction in the absence of complete preemption.