**BAPTIST HOSPITAL OF MIAMI, INC., Plaintiff,**

v.

**Ronald TIMKE and Blue Cross/Blue Shield of Florida, Defendants.**

No. 93–0557–CIV.

United States District Court, S.D. Florida.

Sept. 13, 1993.

Alan M. Fisher, Alan M. Fisher, P.A., Miami, FL, for plaintiff.

W. Edward McIntyre, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, FL, for defendants.

## ORDER OF REMAND

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Plaintiff Baptist Hospital's motion for remand. For the reasons stated below, the Court grants the motion.

## PROCEDURAL BACKGROUND

Plaintiff Baptist Hospital of Miami ("Baptist") brought this action in state court, demanding reimbursement for hospital services provided by Baptist to Defendant Ronald Timke, a federal employee. Baptist seeks recovery from both Timke and Defendant Blue Cross & Blue Shield of Florida ("Blue Cross"), Timke's insurer under a federal employees' health benefits plan. In its complaint, Baptist asserts the following claims, all of which are grounded in state law: quantum meruit; open account; account stated; guaranty; verification of benefits; insurance identification card; and fraudulent inducement.[1]

Blue Cross removed the action to this Court on the grounds of federal question jurisdiction, pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1331.[2] As the basis for jurisdiction, Blue Cross argues that the complaint presents questions arising under the laws of the United States, specifically, the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C.A. §§ 8901–13 (West 1967 & Supp.1993); and that the Act preempts Baptist's state law claims.[3] Baptist moves for remand on two grounds: (1)

1. The "verification of benefits" and "insurance identification card" counts appear to allege claims for misrepresentation.

2. Because service of process had not been effected upon Timke by the date of the filing of the notice for removal, his consent to the removal was not required. 28 U.S.C.A. § 1446 (West 1973 & Supp.1993).

3. FEHBA provides, in pertinent part:

lack of subject matter jurisdiction; and (2) waiver of right of removal. Because the Court finds that remand of this case is appropriate for lack of subject matter jurisdiction, the Court need not reach the issue of waiver.

## DISCUSSION

Title 28, United States Code Section 1441(b) provides, in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C.A. § 1441(b) (West 1973 & Supp. 1993). The federal question removal statute closely parallels the language of 28 U.S.C. § 1331, pursuant to which district courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 1966 & Supp.1993). Thus, removal of this action is proper only if the action "arises under" federal law.

"It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citations omitted). The well-pleaded complaint rule requires a court to look solely at what "appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defense which it is thought the defendant may interpose." *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir.

The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payment with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

5 U.S.C.A. § 8902(m)(1) (West 1967 & Supp. 1993).

1991) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983)). This rule is "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan*, 481 U.S. at 63, 107 S.Ct. at 1546.

A review of Baptist's complaint reveals no issues of federal law; the complaint asserts only state law claims. Blue Cross attempts to overcome this hurdle to removal by asserting that federal law preempts Baptist's state law claims. For purposes of determining jurisdiction, the Court assumes the legal sufficiency of Blue Cross' preemption defense. *See Blue Cross & Blue Shield of Fla., Inc. v. Dept. of Banking*, 791 F.2d 1501, 1506 (11th Cir.1986) (A "FEHBA" contract whose terms are inconsistent with Florida's Unclaimed Property Act preempts the Florida law.); *Tackitt v. Prudential Ins. Co.*, 758 F.2d 1572, 1575 (11th Cir.1985) ("[T]he interpretation of government health insurance contracts is controlled by federal, not state law. 5 U.S.C. § 8902(m)."); *Caudill v. Blue Cross and Blue Shield of North Carolina, Inc.*, 999 F.2d 74, 77–79 (4th Cir.1993) (State law claims for benefits under a "FEHBA" contract fall within an area of "uniquely federal interest;" hence, federal common law should apply to such suit.); *Hayes v. Prudential Ins. Co.*, 819 F.2d 921, 926 (9th Cir.1987) (Because state law claims "invariably expand" insurer's obligations under a federal employees health benefit plan, they are preempted by FEHBA.). *But see Howard v. Group Hosp. Serv.*, 739 F.2d 1508, 1512 (10th Cir.1984) (Denial of a federal employee's "individual claim because the carrier claimed that the treatment was not a 'medical necessity' is a private controversy in which the federal government simply does not have an interest sufficient to justify invoking federal question jurisdiction.").

■ Pursuant to the well-pleaded complaint rule, however, the Court may not consider Blue Cross' preemption defense as a source of federal question jurisdiction.

*Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir.1991) ("Because preemption does not appear on the face of the well-pleaded complaint, a preempted state law claim does not arise under the laws of the United States and cannot authorize removal to federal court."). *See also Howard v. Group Hosp. Serv.*, 739 F.2d 1508, 1513 (10th Cir.1984) (Doyle, J. concurring) (Even if federal law controls the interpretation of a federal employee's insurance policy, where such "arguable federal question arises by way of a defense to simple state law contract claims, there is no basis for the exercise of federal question removal jurisdiction.). *But see Caudill v. Blue Cross and Blue Shield of North Carolina, Inc.*, 999 F.2d at 79 (4th Cir.1993) ("In the area of federal employee health benefits, federal common law entirely replaces state contract law. Therefore, federal jurisdiction exist[s] over [such] claim and removal was proper.").[4]

■ An exception to the well-pleaded complaint rule, known as "the complete preemption doctrine," applies when "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (quoting *Metropolitan*, 481 U.S. at 65, 107 S.Ct. at 1547). This situation arises "when Congress so completely pre-empts a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Brown*, 934 F.2d at 1196 (quoting *Metropolitan*, 481 U.S. at 63–64, 107 S.Ct. at 1546). The United States Supreme Court has conferred super preemptive power on two particular areas of federal legislation: on section 301 of the Labor Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185, in *Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists & Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); and on section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

---

4. In light of the Eleventh Circuit's clear pronouncement on this issue, the Court declines to follow the Fourth Circuit's conclusion that feder-al law preemption is sufficient to confer federal removal question jurisdiction.

§ 1132(a), in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

 Blue Cross asks this Court to further extend the complete preemption doctrine to FEHBA. In applying super preemption to ERISA, however, the Court relied heavily on Congress' clear intention to treat ERISA actions in a similar manner as those involving the LMRA. *Id.* at 65–66, 107 S.Ct. at 1547. Indeed, in his concurring opinion, Justice Brennan indicated that the *Metropolitan* decision "should not be interpreted as adopting a broad rule that any defense premised on congressional intent to preempt state law is sufficient to establish removal jurisdiction." *Id.* at 67, 107 S.Ct. at 1548 (Brennan, J., concurring). Justice Brennan added, "In future cases involving other statutes, the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." *Id.* at 68, 107 S.Ct. at 1548.

Mindful of this stricture, the Court has reviewed the provisions of FEHBA and finds no such clear congressional intent. The laws for which the Supreme Court found congressional intent for complete preemption, LMRA and ERISA, give district courts original jurisdiction over cases involving private parties.[5] FEHBA's grant of jurisdiction to the district courts, however, is limited to civil actions or claims brought against the United States.[6] The Court, therefore, declines Blue Cross' invitation to apply the complete preemption doctrine to FEHBA.

**5.** The jurisdictional provision of ERISA reads: "The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." 29 U.S.C.A. § 1132(f) (West 1985 & Supp.Pamphlet 1993). Subsection (a) provides, *inter alia*, a civil cause of action for ERISA plan participants and beneficiaries to recover benefits under the plan. 29 U.S.C.A. § 1132(a)(1)(B) (West 1985 & Supp.Pamphlet 1993).

The jurisdictional provision of LMRA reads: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as

*CONCLUSION*

For the foregoing reasons, it is

ORDERED AND ADJUDGED that this action be and the same is hereby REMANDED to the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, for all further proceedings. It is further

ORDERED AND ADJUDGED that all pending motions are DENIED without prejudice.

DONE AND ORDERED.

defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C.A. § 185 (West 1978 & Supp.1993).

**6.** The jurisdictional provision of FEHBA reads: "The district courts of the United States have original jurisdiction, concurrent with the United States Claims Court, of a civil action or claim *against the United States* founded on this chapter." 5 U.S.C.A. § 8912 (West 1967 & Supp. 1993) (emphasis added).