**August R. HANSON, Joni S. Hanson, Brittany N. Hanson, Plaintiffs,**

v.

**BLUE CROSS BLUE SHIELD OF IOWA a/k/a IASD Health Services Corporation, Defendants.**

**No. C 96–4047–DEO.**

United States District Court, N.D. Iowa, Western Division.

Nov. 26, 1996.

Thaddeus E. Cosgrove, Holstein, IA, for Plaintiffs.

Scott A. Hindman, Sioux City, IA, Anthony F. Shelley, Washington, DC, for Defendants.

## ORDER

DONALD E. O'BRIEN, Senior District Judge.

This matter comes before the Court on the plaintiffs' motion to remand this case to the Iowa District Court for Ida County. The Court held a hearing on this motion and after careful consideration of the parties' oral and written arguments, this Court denies the plaintiffs' motion to remand.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

August R. Hanson is a federal government employee who is enrolled in the Service Benefit Plan, a federal health insurance plan.

---

1. 5 C.F.R. § 890.107(c) (1996) requires that the Office of Personnel Management (OPM), not Blue Cross and Blue Shield of Iowa (BCBS), be sued to obtain judicial review of OPM's final action. OPM is not a party to this lawsuit and has not, as of yet, intervened or been joined. BCBS has not moved the Court to dismiss the action. BCBS states in footnote 1 of its brief that it "will move to join OPM in this lawsuit shortly."

However, the federal courts are courts of limited jurisdiction. The Court could not consider a motion by BCBS to join OPM until the Court determined that jurisdiction existed at the time of removal. The Court, therefore, feels it is appropriate to rule on the plaintiffs' motion to remand prior to the filing by BCBS of its motion to join OPM.

The Service Benefit Plan is procured and administered by OPM pursuant to the Federal Employees Health Benefits Act (FEHBA). 5 U.S.C. §§ 8901–8914. August R. Hanson seeks coverage of a communication prosthesis for his daughter, who has no functional speech.

Congress authorized OPM to contract for medical coverage for United States government employees, retirees, and eligible members under FEHBA. *See* 5 U.S.C. §§ 8902–8903; H.R.Rep. No. 957, 86th Cong. 1st Sess. 3 (1959). OPM procures such health coverage as it "considers necessary or desirable" including exclusions and limitations. 5 U.S.C. §§ 8902(d), 8904(a). OPM has the final, sole authority over coverage.

The Service Benefit Plan is a contract that OPM entered into with the Blue Cross and Blue Shield Association, which sponsors the plan on behalf of various Blue Cross and Blue Shield companies across the country. Although Blue Cross and Blue Shield of Iowa administers the plan in Iowa, there is no insurance contract between Hanson and BCBS because BCBS merely agreed to cover its pro rata share of (Iowa) the Service Benefit Plan for which the Blue Cross and Blue Shield Association bargained with OPM. 5 C.F.R. 890.101(a), 102–104, and subparts C, D, and E (1996). As mentioned, Blue Cross and Blue Shield of Iowa did not specifically contract for benefits with Hanson. *Id.* Thus, Hanson is not a party to the contract, but an enrollee, with his benefits subject to OPM regulations. *Id.*

OPM publishes and distributes an annual Statement of Benefits for each health benefit plan. 5 U.S.C.A. § 8907(b)(2), (3). The Statement of Benefits sets forth for each plan the "benefits, including maximums, limitations, and exclusions," the "procedure for obtaining benefits," and the "principal provisions of the plan affecting the enrollee and any eligible family members." *Id.* The Statement of Benefits is incorporated by reference into the contract between OPM and the Blue Cross and Blue Shield Association

and is the official and exclusive description of the Plan benefits for the year. *Id.* Because the Statement of Benefits is an enactment of OPM, it has the full force and effect of federal regulations. 5 U.S.C.A. § 8902(m)(1); *Caudill v. Blue Cross & Blue Shield of N.C., Inc.,* 999 F.2d 74, 80 (4th Cir.1993).

Each contracting carrier must abide by OPM's decisions regarding coverage. 5 U.S.C. § 8902(j). OPM has established a mandatory administrative process for the review of denied claims. 5 C.F.R. § 890.107(d)(1) (providing that judicial review of OPM's final decision may not be brought prior to exhaustion of the remedies in § 890.105). Federal regulations spell out the specific requirements for submitting claims and for reviewing and resolving disputes. 5 C.F.R. § 890.105 (1996). The final step in the administrative process involves review by officers in the OPM Office of Insurance Programs. *Id.* Individuals who disagree with OPM's decision must then sue OPM to recover compensation for health care benefits. 5 C.F.R. 890.107(c). Under FEHBA, such a lawsuit must be brought in federal court. 5 U.S.C. § 8912.[2]

August R. Hanson made two claims for the communication prosthesis. Those claims were denied by Blue Cross and Blue Shield of Iowa on the ground that it was not covered medical equipment under the Service Benefit Plan's Statement of Benefits. August R. Hanson subsequently sought an administrative appeal from OPM, and the agency upheld the denial of benefits.

On April 16, 1996, the plaintiffs brought this suit against the carrier BCBS in the Iowa District Court for Ida County, alleging, as mentioned, the failure of the defendant, to pay the necessary costs and charges associated with the required purchase of a communication prosthesis for the plaintiffs' daughter, Brittany. On May 10, 1996, the defendant filed a timely Notice of Removal to this Court on the basis of 28 U.S.C. § 1441, and

---

**2.** 5 U.S.C. § 8912 provides: "The district courts of the United States have original jurisdiction,

concurrent with the United States Court of Fed-

28 U.S.C. § 1442(a)(1),[3] two alternative theories. On June 5, 1996, the plaintiffs filed a motion to remand the case to state court.

## II. DISCUSSION

The plaintiffs' argument in support of remand is that this case must contain a federal question in order for this Court to have jurisdiction under 28 U.S.C. § 1441. The plaintiffs assert the defendant's breach of contract and bad faith refusal to pay the claims do not raise a federal question and, therefore, removal was improper. The plaintiffs contend this is a private contractual dispute between an insured and a health care insurer and argue the well-pleaded complaint rule should govern this case.

 Removal of a state court action based on federal question jurisdiction is proper only if the action asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441. Ordinarily, as plaintiffs contend, a case "arises under" federal law only when a federal question appears on the face of the plaintiffs' well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct. 2425, 2428–29, 96 L.Ed.2d 318 (1987) (holding "the presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only where a federal question is presented on the face of [the plaintiffs'] properly pleaded complaint"). Under that rule, a case cannot be removed because the defendant raises a federal defense to a state law claim, including the federal defense of preemption. *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir.1996); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (holding that federal issues interposed as a defense generally do not create a cause of action "arising under" federal law). The right of removal under § 1441 and § 1331 is decided by the pleadings, viewed at the time

the petition for removal is filed. *See American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

It is undisputed that the plaintiffs' complaint fails to state a federal question on its face. Ordinarily, the well-pleaded complaint rule would therefore bar removal of this case from state to federal court. However, the United States Supreme Court has fashioned a significant, narrow exception to the well-pleaded complaint rule known as the complete preemption doctrine. The doctrine states that when the preemptive force of a statute is "extraordinary," it "converts an ordinary common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430 (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)); *DeSantiago v. Laborers Int. Nat. Union of North America,* 914 F.2d 125, 127 (8th Cir.1990). This exception prohibits a plaintiff from defeating removal by failing to plead necessary federal questions in a complaint and allows a defense of federal preemption as a basis for removal.

The United States Supreme Court has found complete preemption in only three areas: (1) Section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185; (2) the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461; and (3) in relation to Indian Rights. *See Queen v. City of Detroit,* 874 F.2d 332, 342 (6th Cir.1989). The Eighth Circuit has found complete preemption in other areas. *See Deford v. Soo Line R.R.,* 867 F.2d 1080 (8th Cir.1989) (finding complete preemption under the Railway Labor Act, 45 U.S.C. §§ 151–188); *M. Nahas & Co. v. First Nat. Bank of Hot Springs,* 930 F.2d 608 (8th Cir.1991) (finding § 86 of the National Bank Act completely preempts the field of usury claims against national banks).

eral Claims, of a civil action or claim against the United States founded on this chapter."

**3.** 28 U.S.C. § 1442(a)(1) provides any "person acting under" the direction of a federal official may remove a state case brought against him

"for any act under color of such office." Because the Court concludes removal is proper on federal question grounds, the Court need not reach the defendant's assertion that the plaintiffs' lawsuit is removable under this statute.

Determining whether the complete preemption doctrine permits removal of this case requires a two-step analysis. *Gaming Corp.*, 88 F.3d at 543. First, the Court must determine whether FEHBA completely preempts the field of benefit claims under the Service Benefit Plan. *Id.* (citing *Metropolitan Life*, 481 U.S. at 64–66, 107 S.Ct. at 1546–48). Second, the Court must determine whether the plaintiffs' claims fall within the scope of the civil enforcement provisions of FEHBA. *Gaming Corp.*, 88 F.3d at 543. (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24–26, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983)).

### A. Complete Preemption Under FEHBA.

■ In determining the issue of complete preemption, the court looks to the congressional intent. There must exist "a clear indication of a Congressional intention" to permit removal despite the plaintiffs' exclusive reliance on state law. *Metropolitan Life*, 481 U.S. at 64–66, 107 S.Ct. at 1546–48. The language and provisions included in FEHBA, as compared to the language and provisions included in legislation such as ERISA is of particular relevance.

The Supreme Court, in deciding ERISA is intended to preempt all claims, rested its determination, at least in part on the act's civil enforcement provisions. *See id.* at 65–66, 107 S.Ct. at 1547–48 (extending the complete preemption doctrine to an action arising under ERISA because "ERISA's civil enforcement provisions closely parallels [sic] that of § 301 of the LMRA"). Section 1132(a) of ERISA empowers a participant or beneficiary, or in certain circumstances other parties, to bring a civil action to recover benefits under an ERISA plan. 29 U.S.C. § 1132(a). This provision specifically creates a cause of action vindicating a participant's interest in recovering his or her benefits under a plan. *Id.* ERISA also contains an explicit jurisdictional provision. This provision states that the "district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter." 29 U.S.C. 1132(e)(1). These two provisions combine to create an exclusive federal cause of action vindicating a beneficiary's interest in recovering his or her benefits under a plan. A very similar result is reached when FEHBA's civil enforcement provisions are combined.

FEHBA empowers a covered individual to seek judicial review of OPM's final action on the denial of a health benefits claim. 5 C.F.R. § 890.107. This provision, just like ERISA, specifically creates a cause of action vindicating a covered party's interest in recovering his or her benefits under a plan. *Id.* The provision permits a covered individual to bring an action against OPM to review OPM's denial of health benefits under a plan.

The jurisdiction provision of FEHBA, just like ERISA, only permits such an action to be brought in federal court. FEHBA's jurisdiction provision provides: "The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8912. Congress specifically made no allowance for state court jurisdiction over OPM in § 8912. Congress recognized that allowing state courts to adjudicate FEHBA benefit claims would undercut the consistency that it intended when it established FEHBA. *See* S.Rep. No. 903, 95th Cong., 2d Sess. 2–9, *reprinted in* 1978 U.S.C.C.A.N. 1413, 1413. The suit, therefore, is subject to exclusive federal jurisdiction, just like ERISA.

Finally, and most important, the scope of the preemption clause in FEHBA is just as broad as the relevant provision in ERISA. FEHBA's preemption provision provides that the terms of FEHBA contracts, including the Statement of Benefits, preempt state law:

The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent....

5 U.S.C. § 8902(m)(1). The key language of this provision resembles ERISA's preemp-

tion provision which states that the law "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." 29 U.S.C. 1144(a).

Having compared these two acts, it is clear that Congress intended FEHBA to completely preempt this area of the law, namely the recovery of health benefits under a federal employee plan.[4] FEHBA's civil enforcement and jurisdiction provisions combine to create an exclusive federal cause of action. Further, the language in FEHBA's preemption statute reflects Congress's intent to completely preempt this area of law. A cause of action which relies entirely on state law and seeks to enforce a covered individual's interest in recovering his or her benefits under a plan may be removed to federal court based upon the complete preemption doctrine. The first step of the analysis is, therefore, complete.

### B. Whether Counts I and II of the Plaintiffs' Complaint are within the Scope of the Civil Enforcement Provisions of FEHBA?

The Supreme Court has held that in addition to the civil enforcement provisions being completely preemptive, the plaintiffs' claims must fall within the scope of the civil enforcement provisions relied upon as completely preemptive to permit removal of the case. *Franchise Tax Board,* 463 U.S. 1, 24–26, 103 S.Ct. 2841, 2854–55. The plaintiffs steadfastly argue that their claims in this case fall outside the scope of FEHBA's civil enforcement provisions. Specifically, the plaintiffs contend that their claims are outside the scope of any complete preemption because their claims are not claims seeking the "recovery of benefits" within the meaning of 5

C.F.R. § 890.107. Thus, the plaintiffs assert that removal in this case was improper.

■ The plaintiffs' complaint has two counts and each count must be considered individually. In "Count I," the plaintiffs allege the defendant breached the written insurance contract between it and the plaintiffs by failing to pay the claim submitted and the plaintiffs seek the recovery of any sum that will fully and fairly compensate them for their damages. This is quite simply a state-law breach of contract action which seeks the recovery of benefits from the Plan. However, as mentioned, no insurance contract exists between the plaintiffs and BCBS. The plaintiffs are enrollees under the Service Benefit Plan and subject to the regulations enacted by OPM. 5 C.F.R. § 890.101(a), 102–104, and subparts C, D, and E. OPM, as mentioned, has enacted a regulation protecting the same interest the plaintiffs' state-law breach of contract action seeks to maintain. Section 890.107(c), enacted by OPM under FEHBA, empowers the plaintiffs to seek judicial review of OPM's final action and recover the amount of benefits in dispute. 5 C.F.R. § 890.107. This places "Count I" of the complaint squarely within the scope of this civil enforcement provision.

■ The Court agrees with the plaintiffs that "Count II" which seeks recovery for an alleged bad faith refusal to pay a benefit by BCBS, is not within the scope of FEHBA's civil enforcement provisions. FEHBA's civil enforcement provisions do not seek to protect the same interest. However, the presence of even one federal question gives the defendant the right to remove the entire case to federal court. *Gaming Corp.,* 88 F.3d at 543. "Count I," as mentioned, is within the

---

4. The Court acknowledges that this finding is in direct conflict with the case law currently surrounding this issue. *See Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306 (3d Cir. 1994) (holding that FEHBA does not completely preempt state law); *Lambert v. Mail Handlers Benefit Plan,* 886 F.Supp. 830 (N.D.Ala.1995); *Baptist Hosp. of Miami, Inc. v. Timke,* 832 F.Supp. 338 (N.D.Fla.1993). A cornerstone of each of these decisions, was that the FEHBA program, at that point, did not contain the necessary civil enforcement provisions because the regulations required enrollees to sue the carrier. However, the regulations have since changed.

On March 29, 1995, OPM promulgated a regulation requiring enrollees to sue OPM directly when challenging an adverse decision on FEHBA benefits. *See* 5 C.F.R. 890.107(c); 60 Fed.Reg. 16,037, 16,039 (March 19, 1995) (interim rule); 61 Fed.Reg. 15,177 (April 5, 1996) (final rule). The regulations at the time the above cases were decided required that FEHBA enrollees challenging benefits to bring such suits against the carrier. *See, e.g.,* 5 C.F.R. § 890.107 (1994). Thus, the above cases are outdated and cannot be relied upon.

scope of the civil enforcement provisions of FEHBA which permits this Court to recharacterize it as a federal claim. Thus, the defendant's removal of the entire case to federal court is permissible. This completes the second step of the analysis.

## III. CONCLUSION

The Court concludes that under the circumstances presented in this case and for the reasons discussed above, the Court has no choice but to deny the plaintiffs' motion to remand. The complete preemption doctrine applies to "Count I" of the plaintiffs' case and recharacterization of the plaintiffs' state breach of contract claim as federal is appropriate. Thus, there exists a claim arising under federal law to be removed and litigated in the federal court under 28 U.S.C. § 1441. Removal was properly effectuated by the defendant.[5]

**Therefore,**

**IT IS ORDERED** that the plaintiffs' motion to remand is denied.

---

**5.** The Court acknowledges that there were several other arguments advanced by both sides concerning this motion to remand in their briefs and at oral argument. The attorneys for both sides did an excellent job in advocating the position of their clients. However, in light of the Court's findings and ruling, the Court need not address these other arguments as they are now moot.