**Don WEATHINGTON, d/b/a, Enterprise Professional Counseling Associates, Plaintiff,**

v.

**UNITED BEHAVIORAL HEALTH, United Healthcare, f/k/a Complete Health, United Healthcare South, Inc., and Gail Hinson, Defendants.**

No. Civ.A. 98–A–890–S.

United States District Court,
M.D. Alabama,
Southern Division.

March 3, 1999.

Rhon E. Jones, Thomas J. Methvin, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, Michael H. Cleckler, Harris, Cleckler, Rogers, Hollis & Bumgarner, PC, Birmingham, AL, for Don Weathington, plaintiff.

Cavender C. Kimble, Leigh Anne Hodge, Balch & Bingham, Birmingham, AL, for United Behavioral Health, United Healthcare, defendant.

Frank E. Lankford, Jr., M. Keith Gann, Huie, Fernambucq & Stewart, Birmingham, AL, James L. Priester, Alexander J. Marshall, III, Maynard, Cooper & Gale, P.C., Birmingham, AL, for Value Behavioral Health, defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on the following motions: (1) Motion for Leave to

Amend Complaint, filed by the Plaintiff on September 10, 1998; (2) Motion to Remand, filed by the Plaintiff on September 10, 1998; (3) Motion to Quash Service on Defendant United Healthcare f/k/a Complete Health and dismiss reference to that Defendant, filed by Defendant United HealthCare Services, Inc. on August 20, 1998; (4) Motion for Leave to File Reply Brief, filed by Defendant United Health-Care Services, Inc. on September 14, 1998; and (5) Motion to Dismiss, filed by Defendants United HealthCare Services, Inc., United Behavioral Health, Inc., and Gail Hinson on August 20, 1998.

For the reasons to be discussed, Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand are due to be GRANTED. The remaining motions will be left for disposition by the Circuit Court of Coffee County, Alabama.

## II. FACTS AND PROCEDURAL BACKGROUND

This case arises out of the Defendants' alleged failure to pay health care benefits for mental health services provided by the Plaintiff. Plaintiff, Don Weathington, is a licensed professional counselor who treated members of the Santorelli family in Coffee County, Alabama. Susan Santorelli was an employee of the federal government and received health benefits coverage under the federal employee plan, which is maintained pursuant to the Federal Employees Health Benefit Act ("FEHBA"). Ms. Santorelli was a participant in the United HealthCare of Alabama–FQ, Inc. Gatekeeper Plan, which is a constituent part of the Federal Employees Health Benefits Program, pursuant to a contract between the federal Office of Personnel Management ("OPM") and United HealthCare of Alabama–FQ, Inc. Ms. Santorelli also was a beneficiary of an ERISA-governed employee welfare benefits plan—the Railroad Employees' National Health & Welfare Plan. Value Behavioral Health is the claims administrator for certain benefits under that plan.

Plaintiff originally filed the complaint in this case in the Circuit Court of Coffee County, Alabama. Plaintiff asserts that he properly submitted a claim to the Defendants, the Defendants stated that he would be paid for all services rendered to the Santorelli family, and the Defendants subsequently declined to authorize full coverage for the Plaintiff's services. The complaint sets forth state law claims for fraudulent misrepresentation, fraudulent suppression, negligent misrepresentation, breach of contract, and conspiracy.

On August 12, 1998, Defendants United HealthCare Services, Inc. and Gail Hinson filed a Notice of Removal with this court, asserting that FEHBA completely preempted Plaintiff's claims and that removal was proper on the basis of diversity. Subsequently, these two Defendants filed the Motion to Dismiss which is presently before the court. The Plaintiff responded by filing a Motion to Remand and a Motion for Leave to Amend the Complaint to add United HealthCare of Alabama–FQ, Inc. as a Defendant. The Plaintiff has not filed a brief in support of the Motion to Remand, nor has the Plaintiff filed a brief in opposition to the Motion to Dismiss. Defendants United HealthCare Services, Inc., United Behavioral Health, Inc., and Gail Hinson filed a brief in support of their motion to dismiss and in opposition to Plaintiff's motion to remand on October 5, 1998. Plaintiff subsequently stipulated to the dismissal without prejudice of Defendant Value Behavioral Health from this case, which the court ordered on January 5, 1999.

## III. REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have

been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

## IV. *DISCUSSION*

### A. Motion for Leave to Amend Complaint

The Plaintiff seeks to amend his complaint by joining Defendant United Health-Care of Alabama–FQ, Inc. as a Defendant.[1]. Such an amendment would destroy diversity jurisdiction. 28 U.S.C. § 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In determining whether to allow the amendment, "the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities." *El Chico Restaurants, Inc. v. Aetna Casualty and Surety Co.,* 980 F.Supp. 1474, 1484 (S.D.Ga.1997).

Plaintiff asserts that it was not evident from the documents in his possession at the time he originally filed his complaint that United HealthCare of Alabama–FQ, Inc. was a proper Defendant. Defendants assert in opposition that joinder would be inequitable because United HealthCare of Alabama–FQ, Inc. is an improper Defendant. According to the Defendants, the only proper party in an action for FEHBA benefits is the Federal Office of Personnel

Management ("OPM"). 5 C.F.R. § 890.107(c). Though this argument may prove meritorious, it is an issue which goes to the heart of the Defendants' motion to dismiss the Plaintiff's complaint. This court first must determine that it has subject matter jurisdiction before ruling on that issue.

■ Leaving aside the question of whether any party other than OPM is a proper Defendant, the equities weigh in favor of granting joinder. United Health-Care of Alabama–FQ, Inc. clearly played a major role in the events which gave rise to this litigation. Plaintiff's suit alleges failure to pay benefits under a plan issued by this entity. In addition, United Health-Care of Alabama–FQ, Inc. was claims administrator for the areas at issue in this litigation. Thus, there are sufficient reasons for the addition of this party other than simply to defeat diversity jurisdiction. Moreover, the Plaintiff was not dilatory in asking for the amendment. Mr. Weathington filed his motion for leave to amend the complaint less than one month after the Defendants filed the Notice of Removal. Thus, the Motion for Leave to Amend the Complaint to allow joinder of United HealthCare of Alabama–FQ, Inc. as a Defendant is due to be granted.

### B. Motion to Remand

Plaintiff asserts two grounds in support of his motion to remand: (1) that diversity no longer exists per the amended complaint; and (2) that the Plaintiff's claims are not preempted by federal law. Magistrate Judge Carroll ordered Plaintiff to file a brief in support of his motion on or before September 25, 1998, and Defendants to file a response to Plaintiff's submission no later than October 3, 1998. *See* September 16, 1998 Order (File Doc. 14). Plaintiff chose not to file a brief in support

---

1. The Defendants note the confusion in Plaintiff's motion. The text of the requested Amendment states, "Plaintiff hereby substitutes United HealthCare of Alabama–FQ, Inc. for United HealthCare, f/k/a Complete Health as a party Defendant in this cause." In Plain-

tiff's brief, however, he cites the statute governing joinder of nondiverse defendants. The court will treat the motion as requesting joinder of United HealthCare of Alabama–FQ, Inc.

of his motion. Defendants filed a brief in opposition to the motion to remand on October 5, 1998.[2] Because the court has granted Plaintiff's motion for leave to amend his complaint to join a nondiverse Defendant, diversity jurisdiction no longer exists. The sole remaining issue in this motion is whether FEHBA completely preempts the Plaintiff's state law claims, giving rise to removal jurisdiction.[3]

FEHBA contains the following preemption provision:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

5 U.S.C. § 8902(m)(1). There is little dispute that FEHBA's preemption provision requires courts to apply federal law, rather than state law. *See Lambert v. Mail Handlers Benefit Plan*, 886 F.Supp. 830 (M.D.Ala.1995) (Albritton, J.). The Eleventh Circuit found that a state law which was in conflict with a FEHBA contract was preempted under that provision. *See Blue Cross & Blue Shield of Florida, Inc. v. Dep't of Banking and Finance*, 791 F.2d 1501, 1506 (11th Cir.1986). More generally, this circuit has ruled that federal law controls the interpretation of government health insurance contracts. *See Tackitt v. Prudential Ins. Co. of America*, 758 F.2d 1572, 1575 (11th Cir.1985).

■ A determination that federal law governs a cause of action does not necessarily confer removal jurisdiction on this court. State courts have plenary jurisdiction and are competent to hear claims that require the application of federal law. *See*

2. October 3, 1998 was a Saturday, thus, Defendants' brief was timely filed.

3. Defendants asserted in their brief that ERISA also preempts Plaintiff's claims. That contention, however, was based on the pres-

*Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981). Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, a court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. In the present case, Mr. Weathington's complaint asserts only state law causes of action, and thus fails to state a federal question on its face.

■ There is an exception to the well-pleaded complaint rule, known as the "complete preemption" doctrine, which gives this court federal question jurisdiction. *Id.* The doctrine of complete preemption is distinguished from a simple defense of preemption. Simple preemption involves a question of whether a defense is available under federal law, while complete preemption is a jurisdictional question which focuses on "the intent of Congress" to make "the cause of action a federal cause of action and removable despite the fact that the Plaintiffs' complaint identifies only state claims." *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1181 (9th Cir.1989).

■ Therefore, where the removal petition demonstrates that the plaintiffs claims are federal claims in substance, although couched in the language of state law claims, the preemptive force of federal law provides the basis for removal jurisdiction.

ence of Defendant Value Behavioral Health, the claims administrator of an ERISA-governed employee benefits plan. The stipulated dismissal of Value Behavioral Health eliminated consideration of the preemptive effect of ERISA.

*See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Justice Brennan advised, however, that "the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 68, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987) (Brennan, J. concurring).

This court has addressed whether Congress intended FEHBA as a complete preemption statute. *Lambert v. Mail Handlers Benefit Plan,* 886 F.Supp. 830 (M.D.Ala.1995) (Albritton, J.). Comparing provisions in FEHBA with those in ERISA, the court found, "[I]t is clear that Congress did not intend for FEHBA to completely preempt this area of law." *Id.* at 836. First, the court noted that section 1132(a) of ERISA specifically created a cause of action for beneficiaries, participants, and in certain instances other parties, while FEHBA had no similar civil enforcement provision. *See id.*

Next, the court compared the differences in scope of the jurisdictional provisions in the two acts. *See id.* The jurisdictional provision in ERISA grants federal courts jurisdiction in all cases for benefits. *See* 29 U.S.C. § 1132(e)(1).[4] The jurisdictional provision in FEHBA states, "The district courts of the United States have original jurisdiction, concurrent with the United States Claims Court, of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8912. Thus, the FEHBA provision, which grants jurisdiction only where the "United States is a party," lacks the breadth of its counterpart in ERISA.

Similarly and most important, the court found that the scope of FEHBA's preemption provision was much less broad than the preemption provision in ERISA. *See Lambert,* 886 F.Supp. at 836. The FEHBA provision calls for preemption of state and local law "to the extent that such law or regulation is inconsistent with" the terms of a contract under FEHBA. 5 U.S.C. § 8902(m)(1). Such language demands a case specific analysis to determine whether a plaintiff's state law claim is in conflict with a contractual provision. In contrast, the ERISA provision states that the act "shall supersede *any and all state laws* insofar as they may now or hereafter relate to an employee benefit plan...." 29 U.S.C. § 1144(a) (emphasis added).

Finally, the court rejected the defendant's argument that an action under FEHBA presented such a "uniquely federal interest" that removal would be proper. *See Lambert,* 886 F.Supp. at 836–37. The court found no indication that state courts are unable to apply the federal law, or that allowing state courts to hear such claims would frustrate Congressional intent. *Id.* at 837. Based on its determination that Congress did not completely preempt state law and state jurisdiction when it enacted FEHBA, this court remanded the action to the state court. *Id.*

In the present action, Defendants make the same arguments which this court rejected in *Lambert.* They cite *Hanson v. Blue Cross Blue Shield of Iowa,* 953 F.Supp. 270 (N.D.Iowa 1996), in support of their contention that preemption allows for removal of this case to federal court. The *Hanson* court held that Congress intended to completely preempt the law when it enacted FEHBA. *See id.* at 274–75. The court acknowledged that its finding was in "direct conflict with the case law currently surrounding this issue." *Id.* at 275 n. 4. Nevertheless, the court found that cases such as *Lambert* were "outdated." *Id.*

---

4. The full text of section 1132(e)(1) states, "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section".

The court based this conclusion on a new regulatory scheme, effective in 1996, which made suit against OPM the exclusive procedure when challenging an adverse decision on FEHBA benefits. *See id.* (citing 5 C.F.R. § 890.107(c)).[5] Prior to final approval of the new regulations, FEHBA enrollees challenging a denial of benefits had to bring suit against the carrier. *See id.* According to the court, the new regulatory scheme, like ERISA, created a means of civil enforcement. *But see Arnold v. Blue Cross & Blue Shield of Texas, Inc.,* 973 F.Supp. 726, 733 n. 13 (S.D.Tex. 1997) (rejecting the *Hanson* court's conclusion that the new regulatory scheme provides the necessary civil enforcement provision because the new regulation "does not provide a mechanism for beneficiaries to seek redress for injuries they allege were caused by their carrier and not necessarily by OPM").

 Regardless of the substantive effect of the new regulatory scheme promulgated by OPM, or its applicability to the present case, the regulations do not affect this court's analysis of the complete preemption question. *Congressional* intent is the touchstone for complete preemption. *See, e.g., Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). New agency regulations alone cannot indicate congressional intent to create federal removal jurisdiction. In the absence of manifest Congressional intent, the OPM regulations cannot confer removal jurisdiction on this court when Defendants assert FEHBA preemption of state law claims. *See Arnold,* 973 F.Supp. at 734.

This court finds no reason to abandon its holding in *Lambert.* There is no clear congressional intent under FEHBA to provide complete preemption and create removal jurisdiction. Therefore, the court lacks jurisdiction to hear Mr. Weathing-ton's claims, which arise under state law on their face. Defendants may be correct when they assert that Mr. Weathington's claims are preempted by federal law. That issue, however, is left for resolution by the state court.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand are due to be GRANTED. All other pending motions will be left for disposition by the Circuit Court for Coffee County, Alabama. A separate Order will be entered in accordance with this Memorandum Opinion.

---

5. 5 C.F.R. § 890.107(c) states in part, "A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim. A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors. The recovery in such a suit shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute."