Chelly ATTILUS, Plaintiff,

v.

EMBLEMHEALTH ADMINISTRATORS, INC., a Florida corporation, Defendant.

Case Number: 16–61133–CIV–MARTINEZ–GOODMAN

United States District Court, S.D. Florida, Fort Lauderdale Division.

Signed 02/08/2017

Filed 02/09/2017

Chris Kleppin, Chelsea A. Lewis, Glasser & Kleppin, P.A., Plantation, FL; for Plaintiff.

John Houston Pope, Epstein Becker & Green, New York, NY, for Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE GOODMAN'S REPORT AND RECOMMENDATION

JOSE E. MARTINEZ, UNITED STATES DISTRICT JUDGE

THE MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion to Remand [ECF No. 8]. Magistrate Judge Goodman filed a Report and Recommendation [ECF No. 25], recommending that this Court grant the Motion and remand this case to state court. The Court has reviewed the entire file and record and notes that no objections to the Report and Recommendation have been filed. After careful consideration, the Court affirms and adopts the Report and Recommendation.

Accordingly, it is hereby **ADJUDGED** that United States Magistrate Judge Goodman's Report and Recommendation [ECF No. 25] is **AFFIRMED** and **ADOPTED.** Plaintiff's Motion to Remand [ECF No. 8] is **GRANTED.** The Clerk is

DIRECTED to REMAND this case to the Seventeenth Judicial Circuit, in and for Broward County, Florida, and CLOSE the instant case.

DONE AND ORDERED in Chambers at Miami, Florida, this 8 day of February, 2017.

## REPORT AND RECOMMENDATIONS CONCERNING MOTION TO REMAND

Jonathan Goodman, UNITED STATES MAGISTRATE JUDGE

Plaintiff Chelly Attilus ("Plaintiff") filed a motion to remand [ECF No. 8], Defendant Emblemhealth Administrators, Inc. ("Defendant") filed an opposition response [ECF No. 20], and Plaintiff filed a reply [ECF No. 21]. United States District Judge Jose E. Martinez referred the matter to the Undersigned. [ECF No. 10]. For the reasons outlined below, which explain why this Court lacks subject matter jurisdiction over the case, the Undersigned respectfully recommends that the District Court grant the motion to remand and remand the case to the state court.

## BACKGROUND

Plaintiff first filed suit against Defendant and an individual defendant (i.e., Linda Cardullo) in the Seventeenth Judicial Circuit, in and for Broward County, Florida ("Prior Action"). [ECF No. 20–1]. The Prior Action consisted of five counts—three concerning discrimination or retaliation under the Florida Civil Rights Act and two concerning state common law claims. The state common law claims were tort claims based on allegations that Defendant Cardullo caused Plaintiff emotional distress because she intentionally interfered with Plaintiff's rights to health insurance. [ECF No.8, p. 2].

Defendants filed a Notice of Removal in the Prior Action. In the Notice, Defendants based the removal on the theory that the allegation regarding interference with health insurance rights under state tort law was completely preempted by the Employee Retirement Income Security Act ("ERISA"). [ECF Nos. 8, p. 2; 20, p. 8 (citing to Notice of Removal in Prior Action (Case No. 16–cv–60445, ECF No. 1) ]. Plaintiff filed a notice of voluntary dismissal the following day and United States District Judge Dimitrouleas entered an Order of Dismissal.

Several weeks later, Plaintiff filed a new action, only against the corporate Defendant (i.e., Emblemhealth) in the Seventeenth Judicial Circuit, in and for Broward County, Florida. The complaint did not include the state common law claims; it included only the Florida Civil Rights Act claims. Defendant filed a notice of removal, alleging that "[t]his action is essentially a re-filing of [the] [P]rior [A]ction," "[t]he Complaint in this action tracks the Complaint in the Prior Action quite closely, with a few exceptions," and "Plaintiff's present complaint may be fairly read to embrace a claim based on the allegation that [Defendant] terminated Plaintiff's employment for the purpose of interfering with her attainment of benefits under an employee welfare plan ... subject to the provisions of [ERISA]." [ECF No. 1, pp. 2–3].

Plaintiff's new remand motion contends that there is no federal question subject matter jurisdiction and that Defendant is relying on allegations and claims from the Prior Action's complaint as a basis for removal. [ECF No. 8]. Defendant contends the Court should deny the motion because

Plaintiff is intentionally attempting to plead around and conceal federal jurisdiction.

## APPLICABLE LAW

Twenty-eight U.S.C. § 1331 provides original federal question jurisdiction for all civil actions "arising under the Constitution, laws or treaties of the United States." And Section 1441 authorizes, with certain exceptions, the removal of "any civil action" in which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).[1]

■ As a general matter, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

■ Removal jurisdiction pursuant to a federal question is governed by the "well-pleaded complaint" rule, which "provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination." *Blab T.V. of Mobile, Inc. v. Comcast Cable Comm'cns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (emphasis added).

■ However, there are exceptions to the well-pleaded complaint rule. One such exception is the "complete preemption" doctrine, which "occurs when 'the preemptive force of a statute is so extraordinary that it **converts** an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Blab T.V.*, 182 F.3d at 854 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)) (internal quotation marks omitted) (emphasis added). "Because they are recast as federal claims, state law claims that are held to be completely preempted give rise to 'federal question' jurisdiction and thus may provide a basis for removal." *McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir. 1998).

The Supreme Court has applied the complete preemption doctrine to Section 502(a) of the ERISA, 29 U.S.C. § 1132(a), in *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). *See Baptist Hosp. of Miami v. Timke*, 832 F.Supp. 338, 340–41 (S.D. Fla. 1993).

## ANALYSIS

■ Plaintiff contends that the Court cannot consider her first state court lawsuit because she voluntarily dismissed it, which means it is a nullity. [ECF No. 8, p. 4]. Defendant, on the other hand, argues that the Court can consider the Prior Action as a source that helps explain the factual allegations and whether the complete preemption doctrine applies. It further asserts that the Prior Action's complaint generates evidentiary admissions, which, while not conclusive, can be reviewed to help determine whether there is federal jurisdiction based on the complete preemption doctrine.

■ The Undersigned disagrees with Plaintiff's position that the Court cannot even consider the previous complaint.

---

1. Twenty-eight U.S.C. § 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States[.]" However, the parties agree that diversity jurisdiction does not apply in this case.

Plaintiff's second effort to avoid federal court jurisdiction by characterizing her own claims does not preclude the Court from assessing the actual nature of the claims. A court may uphold removal even though no federal question appears on the face of the complaint if the complaint has artfully disguised the claims to avoid federal jurisdiction. *See Villarreal v. Brown Exp., Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) ("A party may not fraudulently evade removal by drafting a complaint so that the true purpose of the law suit is artfully disguised.").

In fact, courts have denied requests to remand after determining that prior pleadings act as competent evidence of the facts alleged. *See, e.g., Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13–cv–00222, 2014 WL 2199645, at *4 (N.D. Cal. May 27, 2014) (denying remand after reversing itself and finding that even though "the Prior Action was dismissed without prejudice; the Court may consider the allegations previously made by Plaintiff as controvertible evidence"). Therefore, the Undersigned will consider the Prior Action's complaint when evaluating the present remand motion.

The parties also disagree about the applicable test used to evaluate the existence of complete preemption, also known as super preemption. Plaintiff contends that the four-part test from *Butero v. Royal Maccabees Life Insurance Company*, 174 F.3d 1207, 1212 (11th Cir. 1999) applies: (1) "there must be a relevant ERISA plan;" (2) "the plaintiff must have standing to sue under that plan;"(3) the defendant must be an ERISA entity;" and (4) "the complaint must seek compensatory relief akin to that available under § 1332 (a), often this will be a claim for benefits due under a plan." Defendant, on the other hand, asserts that the two-part test from *Aetna Health Incorporated v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), is the applicable test: "(1) whether the plaintiff could have brought its claim under § 502 (a); and (2) whether no other legal duty supports the plaintiff's claim." *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1337 (11th Cir. 2015) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1345 (11th Cir. 2009)).

■ In her reply, Plaintiff rejects the application of the *Davila* test and asserts that the Eleventh Circuit reaffirmed the *Butero* test **after** the Supreme Court's opinion in *Davila*. However, this argument is unconvincing and incorrect, as the Eleventh Circuit has receded from it. In a 2009 case, the Eleventh Circuit unequivocally held that it was applying the Supreme Court's 2004 test from *Davila. Conn. See State Dental Ass'n*, 591 F.3d at 1345. In doing so, the Eleventh Circuit explained that *Davila* refined *Butero* by focusing on the existence of a separate legal duty, which is not a consideration under *Butero. Id.* The Eleventh Circuit also noted that other circuits have adopted *Davila's* two-part test as the proper one for assessing complete preemption under ERISA, not *Butero's* four-factor test. The Undersigned therefore applies the *Davila* test here.

Having determined that the Undersigned can consider the Prior Action's complaint and that the *Davila* test applies, I can now substantively evaluate the remand motion.

■ Although the Undersigned may *consider* the earlier complaint, this does not mean that the Prior Action's complaint now *controls*. Defendant attempts to portray the two complaints as being nearly identical—as it claims that "[t]he pleadings

... bear only small differences." [ECF No. 20, p. 9]. However, there are **significant** differences between them. Plaintiff has dropped all of the tort claims. Plaintiff has also dropped the claims originally raised against the individual defendant, who is no longer named as a party defendant. Further, she no longer includes allegations that the termination caused her to lose benefits. Additionally, the current complaint includes new allegations—including (significantly) the allegation that Plaintiff is **not** seeking any relief for denial or interference with insurance benefits. [ECF No. 1–1, p. 11].

As Plaintiff correctly highlights, there is no allegation in the current complaint that the ERISA plan administrator intended to deny her benefits in order to save money. In addition, Plaintiff is not seeking a remedy that ERISA can provide for, as she seeks remedies solely for employment discrimination under state law claims. She is not seeking benefits under ERISA. In fact, the contrary is true: Plaintiff affirmatively and unequivocally **disclaims** any interest in pursuing a claim for plan benefits in this lawsuit. [ECF No. 1–1, p. 11].

Interestingly, Defendant cannot allege—and has *not* alleged—in its removal notice that there is currently a claim for benefits under an employee welfare plan subject to ERISA. Instead, Defendant has alleged in its removal notice that the active complaint "**may** be fairly read to embrace a claim" under ERISA.

Ultimately, the Undersigned must determine whether Defendant's view is correct (and that the federal claim is carefully disguised as a state law claim that should be preempted by ERISA) or whether Defendant's view is too strained (and that the claim, as Plaintiff insists, is indeed solely a state law claim). In making this assess-

ment, the Undersigned highlights that Defendant's description of the claim is a less-than-certain contention. Asserting that a claim "**may** fairly be read to embrace a claim" under ERISA is significantly different than contending that the claim is, in fact, an ERISA claim.

A claim is not converted into an ERISA claim merely because a loss of benefits is a consequence of an employment termination and is, in turn, not a claim that is preempted. *See Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1313 (9th Cir. 1997) (finding that "a claim does not relate to ERISA when a loss of benefits is a 'mere consequence of, but not a motivating factor behind' the termination") (quoting *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1405 (9th Cir. 1988)). Likewise, the mere fact that the relief afforded to a former employee under state law may *involve* an employee benefit plan does *not* necessarily result in ERISA preemption. *See Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1407–07 (11th Cir. 1994) ("[defendant's alleged misrepresentation did not involve a benefit plan—it involved the very existence of the plaintiff's jobs. Furthermore, the mere fact that the plaintiff's damages may be affected by a calculation of the benefits is not sufficient to warrant preemption.").

Plaintiff appropriately relies on *Rozzell v Security Services*, 38 F.3d 819, 822 (5th Cir. 1994), which the Undersigned finds particularly relevant. In *Rozzell*, the plaintiff alleged that his employer had wrongfully terminated him for pursuing a claim under the Texas Workers' Compensation Act. *Id.* at 821. Although the plaintiff's complaint contained only one state statutory cause of action, the defendants seized upon an allegation, made in conjunction with a prayer for punitive damages, that

the plaintiff was wrongfully terminated "to willfully deprive [the plaintiff] of the compensation and *benefits* of [his] job." *Id.* at 822. The defendants removed the case and contended that the allegation "br[ought] the otherwise state law cause of action within the purview of federal law." *Id.*

Invoking the well-pleaded complaint rule and looking past the words contained in the complaint to the substance of the claim alleged, the Fifth Circuit concluded that:

> [I]t remains patently clear that the substance of his claim is limited to the state law retaliatory discharge cause of action. He included the word "benefits" in his accusation of the requisite malice for punitive damages, not as a separate claim for relief. Rather, the allegation of lost "benefits" relates back to the retaliatory discharge in order to punctuate that wrongful conduct. Therefore the substance of [the plaintiff's] complaint alleges only one cause of action that is governed exclusively by state law.

*Id.*

Similarly, in *Campbell*, 123 F.3d at 1314, the wrongful termination was the basis of the complaint. The plaintiff did not allege that the deprivation of his benefits was itself wrongful or illegal. Rather, "he pointed to [the defendant's] knowledge of these consequences to punctuate that wrongful conduct." *Id.* The Ninth Circuit found that "the existence of an ERISA plan was irrelevant to the employer's action" and explained that the "conduct at issue here—the employer's employment decisions—is motivated by independent considerations." *Id.*

Here, the substance of Plaintiff's claims in the active complaint is wrongful termination based on race and/or disability. Plaintiff has not alleged in this complaint

that the deprivation of her benefits was itself wrongful or illegal. Moreover, she specifically states that she "is **not** seeking to recover in this suit for the wrongful denial of any sort of insurance benefit or interference with any insurance benefit." [ECF No. 1–1, p. 11].

Finally, the Court notes that Defendant's discussion of whether the second, pending lawsuit is completely preempted is relatively conclusory and succinct. It does not meet the burden of demonstrating why the complaint, which on its face asserts only state law claims, is actually an ERISA claim that is completely preempted. Combined with the presumption in favor of remand, *see Henson*, 537 U.S. at 32, 123 S.Ct. 366, Defendant's presentation is not sufficiently convincing to result in denial of the remand motion.

Therefore, there is no federal question and, consequently, no subject matter jurisdiction. The case must be remanded.

The Undersigned **respectfully recommends** that the District Court **grant** the remand motion and **remand** the case to the Seventeenth Judicial Circuit, in and for Broward County, Florida.

## OBJECTIONS

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Jose E. Martinez. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Re-

port except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3–1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on January 23, 2017.